UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVIN BALDUS, CINDY BARBERA, CARLENE
BECHEN, ELVIRA BUMPUS, RONALD BIENDSEI,
LESLIE W. DAVIS, III, BRETT ECKSTEIN, GEORGIA
ROGERS, RICHARD KRESBACH, ROCHELLE
MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE
SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS
THYSSEN,

                Plaintiffs,

    v.

Members of the Wisconsin Government Accountability
Board, each only in his official capacity:
MICHAEL BRENNAN, DAVID DEININGER,
GERALD NICHOL, THOMAS CANE,
THOMAS BARLAND, and GORDON MYSE, and
KEVIN KENNEDY, Director and General Counsel for the
Wisconsin Government Accountability Board,

                Defendants.

Civil Action
File No. _____
(Three-judge panel requested)

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The plaintiffs, for their complaint in this matter under 42 U.S.C. § 1983 and 28 U.S.C. § 2284(a), requiring a three-judge panel, allege that:

### SUMMARY

This is an action for a declaratory judgment and for injunctive relief, involving the rights of the plaintiffs under the U.S. Constitution and the Wisconsin Constitution and the apportionment of the 33 Senate districts and 99 Assembly districts in the State of Wisconsin. Those districts, established by a three-judge panel of this Court by order in 2002, have been rendered unconstitutional by the 2010 census. This case arises under the U.S. Constitution,

Article I, Section 2, and the Fifth and Fourteenth Amendments, Sections 1, 2 and 5, under 42 U.S.C. §§ 1983 and 1988, under the Voting Rights Act, 42 U.S.C. § 1973, and under article IV, section 3 of the Wisconsin Constitution.

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1357 and 2284 to hear the claims for legal and equitable relief arising under the federal and state constitutions. It also has general jurisdiction under 28 U.S.C. §§ 2201 and 2202, the Declaratory Judgments Act, to grant the declaratory relief requested by the plaintiffs.

2. This action challenges the constitutionality of the judicially-mandated apportionment of Wisconsin's legislative districts, found in chapter 4 of the Wisconsin Statutes, but only as ordered by the U.S. District Court for the Eastern District of Wisconsin in *Baumgart v. Wendelberger*, Nos. 01-121 and 02-366, 2002 WL 34127471 (E.D. Wis. May 30, 2002) (*per curiam*) (three-judge panel), *amended by* 2002 WL 34127473 (E.D. Wis. July 11, 2002). The current state legislative district boundaries were based on the 2000 census of the state's population, now superseded by the 2010 census.

3. Accordingly, 28 U.S.C. § 2284(a) requires that a district court of three judges be convened or reconvened to hear the case. In 1982, 1992 and 2002, three-judge panels convened pursuant to 28 U.S.C. § 2284 resolved complaints like this one, developing redistricting plans for the state legislature in the absence of valid plans adopted by the legislature and enacted with the Governor's approval.

## VENUE

4. The venue for this case is properly in this Court under 28 U.S.C. §§ 1391(b) and (e). At least one of the defendants resides in the Eastern District of Wisconsin. In addition, nine of the individual plaintiffs reside and vote in this district.

# PARTIES

*Plaintiffs*

5. The plaintiffs are citizens, residents and qualified voters of the United States of America and the State of Wisconsin, residing in various counties and legislative districts:

    a. Alvin Baldus, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of Menomonie, Dunn County, Wisconsin, with his residence in the 67th Assembly District and 23rd Senate District as those districts were established by this Court in 2002.

    b. Cindy Barbara, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the City of Madison, Dane County, Wisconsin, with her residence in the 79th Assembly District and 27th Senate District as those districts were established by this Court in 2002.

    c. Carlene Bechen, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the Village of Brooklyn, Dane County, Wisconsin, with her residence in the 80th Assembly District and the 27th Senate District as those districts were established by this Court in 2002.

    d. Elvira Bumpus, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the City of Racine, Racine County, Wisconsin, with her residence in the 62nd Assembly District and 21st Senate District as those districts were established by this Court in 2002.

    e. Ronald Biendsei, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of Middleton, Dane County, Wisconsin, with his residence in the 79th Assembly District and 27th Senate District as those districts were established by this Court in 2002.

f. Leslie W. Davis, III, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the City of Stoughton, Dane County, Wisconsin, with his residence in the 46th Assembly District and 16th Senate District as those districts were established by this Court in 2002.

g. Brett Eckstein, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the Village of Sussex, Waukesha County, Wisconsin, with his residence in the 99th Assembly District and 33rd Senate District as those districts were established by this Court in 2002.

h. Georgia Rogers, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the Village of Waunaukee, Dane County, Wisconsin, with her residence in the 62nd Assembly District and the 21st Senate District as those districts were established by this Court in 2002.

i. Richard Kresbach, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the Village of Wales, Waukesha County, Wisconsin, with his residence in the 33rd Assembly District and the 11th Senate District as those districts were established by this Court in 2002.

j. Rochelle Moore, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the City of Kenosha, Kenosha County, Wisconsin, with her residence in the 64th Assembly District and the 22nd Senate District as those districts were established by this Court in 2002.

k. Amy Risseeuw, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the Town of Menasha, Outagamie County,

Wisconsin, with her residence in the 3rd state Assembly District and 19th Senate District as those districts were established by this Court in 2002.

   l. Judy Robson, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the City of Beloit, Rock County, Wisconsin, with her residence in the 44th Assembly District and 15th Senate District as those districts were established by this Court in 2002. Ms. Robson, then a State Senator, was a plaintiff in *Baumgart v. Wendelberger*, 2002 WL 34127471. She has filed a motion under Rule 60(b), Fed. R. Civ. P., for relief from the judgment in that case, asking the Court to provide substantially the same relief requested in this complaint.

   m. Jeanne Sanchez-Bell, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the City of Kenosha, Kenosha County, Wisconsin, with her residence in the 65th Assembly District and 22nd Senate District as those districts were established by this Court in 2002.

   n. Cecelia Schliepp, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the Village of Hartland, Waukesha County, Wisconsin, with her residence in the 99th Assembly District and the 33rd Senate District as those districts were established by this Court in 2002.

   o. Travis Thyssen, a citizen of the United States and of the State of Wisconsin, is a resident and registered voter of the Town of Grand Chute, Outagamie County, Wisconsin, with his residence in the 56th Assembly District and the 19th Senate District as those districts were established by this Court in 2002.

*Defendants*

 6. Michael Brennan, resident of Marshfield, Wisconsin; David Deininger, resident of Monroe, Wisconsin; Gerald Nichol, resident of Madison, Wisconsin; Thomas Cane, resident of

Wausau, Wisconsin; Thomas Barland, resident of Eau Claire, Wisconsin; and, Gordon Myse resident of Appleton, Wisconsin, each personally and individually but only in his official capacity, are all members of the Wisconsin Government Accountability Board ("G.A.B."). Kevin Kennedy, resident of Dane County, Wisconsin, in his official capacity, is the Director and General Counsel for the G.A.B.

    a.    The G.A.B. is an independent agency of the State of Wisconsin under section 15.60 of the Wisconsin Statutes. The G.A.B. has "general authority" over and the "responsibility for the administration of … [the state's] laws relating to elections and election campaigns," Wis. Stat. § 5.05(1) (2009-10), including the election every two years of Wisconsin's representatives in the state Assembly and every four years its representatives in the state Senate.

    b.    Among its statutory responsibilities, the G.A.B. must notify each county clerk by the second Tuesday in May of an election year, under Wis. Stat. §§ 10.01(2)(a) and 10.72, of the date of the primary and general elections and the offices to be filled at those elections by the voters. The G.A.B. is also required to transmit to each county clerk a certified list of candidates for whom the voters of that county may vote. Wis. Stat. § 7.08(2).

    c.    The G.A.B. issues certificates of election under Section 7.70(5) of the Wisconsin Statutes to the candidates elected to serve in the state Senate and state Assembly. The G.A.B. also provides support to local units of government and their public employees, including the county clerks in each of Wisconsin's 72 counties, in administering and preparing for the election of members of the Wisconsin legislature. For purposes of the state's election law, the counties and their clerks act as agents for the state and for the G.A.B.

## FACTS / CONSTITUTIONAL PROVISIONS

7. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall … be deprived of life, liberty, or property, without due process of law."

8. The Equal Protection Clause of the Fourteenth Amendment provides, in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

This provision guarantees to the citizens of each state the right to vote in state elections, guaranteeing as well that the vote of each citizen shall be equally effective with the vote of any and every other citizen.

9. In addition, article IV, section 3, of the Wisconsin Constitution requires that the legislature "apportion" the state's senate and assembly districts following each federal census "according to the number of inhabitants."

10. The U.S. Constitution and the Wisconsin Constitution require that the members of the Wisconsin legislature be elected on the basis of equal representation. State Senate and Assembly districts must be virtually equal in population based on the number of inhabitants according to the April 2010 Census.

11. From and since 2002—based on the official results of the 2000 census and a certified statewide population total then of 5,363,675—the state has been divided into 33 Senate districts and 99 Assembly districts. The state legislative districts were created by this Court with relatively equal populations. *See* ¶ 2 *supra*. In 2002, each Senate district contained a population of approximately 162,536 residents, and each Assembly district contained a population of

7
Case 2:11-cv-00562-AEG   Filed 06/10/11   Page 7 of 14   Document 1

approximately 54,179. A copy of chapter 4 of the Wisconsin Statutes, reflecting these facts and embodying the Court's 2002 order, is attached as Exhibit A.

12. The 2002 state legislative elections, every subsequent biennial legislative election, including the November 2, 2010 election, and other elections have been conducted under the district boundaries judicially-established in 2002. The next regular state legislative primary election is scheduled for September 11, 2012, and the next regular state legislative general election is scheduled for November 6, 2012.[1]

13. The Bureau of the Census, U.S. Department of Commerce, conducted a decennial census in 2010 of Wisconsin and of all the other states under Article I, Section 2, of the U.S. Constitution.

14. Under 2 U.S.C. §§ 2a and 2c and 13 U.S.C. § 141(c), the Census Bureau on December 21, 2010 announced and certified the actual enumeration of the population of Wisconsin at 5,686,986 as of April 1, 2010, a slight population increase from the 2000 census. A copy of the Census Bureau's Apportionment Population and Number of Representatives, by state, is attached as Exhibit B.

15. Based on the April 2010 Census, the precise ideal population for each Senate District in Wisconsin is 172,333 and for each Assembly District 57,444 (each a slight increase from 2000).

16. On March 9, 2011, the Census Bureau released Wisconsin's official population, population growth and related data for the last decade. A copy of the Census Bureau's official

---

[1] To comply with the Military and Overseas Election Act, the September 11, 2012 primary may be moved to an earlier date. *See* 42 U.S.C. § 1973ff. State Senate Bill 116 and Assembly Bill 161, pending before the Wisconsin legislature, would move the partisan primary from the second Tuesday in September to the second Tuesday in August.

population data for Wisconsin is attached as Exhibit C. This data reveal substantial disparity among Wisconsin's 33 existing Senate districts and 99 existing Assembly districts:

      a.      The 2010 census populations in Wisconsin's Senate districts range from a low of 152,758 (19,575 fewer than the ideal population, the 6th Senate District) to a high of 197,821 (25,488 more than the ideal population, the 27th Senate District). Thus, the total population deviation, from the most populous to the least populous Senate District, is 45,063 persons.

      b.      The 2010 census populations in Wisconsin's Assembly districts range from a low of 48,387 (9,057 fewer than the ideal population, the 18th Assembly District) to a high of 76,116 (18,672 more than the ideal population, the 79th Assembly District). Thus, the total population deviation, from the most populous to the least populous Assembly District, is 27,729 persons.

17.      This facial and uncontradicted malapportionment of state legislative districts dilutes the voting strength of the plaintiffs residing in relatively overpopulated districts: the weight or value of each voter in a relatively overpopulated district is, by definition, less than that of any voter residing in a relatively under-populated district.

18.      Article IV, section 3, of the Wisconsin Constitution gives the legislature the primary responsibility for enacting a constitutionally valid plan for the state's legislative districts.

      a.      For the last three decades, however, the legislature has not met that responsibility. Instead, the judicial branch at least initially has established district boundaries to ensure the constitutional guarantees for citizens and voters.

b. The legislature elected in November 2010 convened for the first time on January 4, 2011. No legislation for redistricting has been introduced, let alone debated, adopted and signed into law by the Governor.

19. Under §§ 10.01(2)(a) and 10.72(1),Wis. Stat., the G.A.B. must notify the county clerks by May 8, 2012 of the offices, including representatives in the state legislature, that the electors in each county will fill by voting in the primary and general elections. In addition, candidates for state Senate and state Assembly can begin circulating their petitions for nomination on June 1, 2012 and must file their petitions with the G.A.B. on or before July 10, 2012, pursuant to section 10.72(3)(c), Wis. Stat.[2]

## CLAIMS FOR RELIEF

20. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 19 above.

21. A state statute or, in the absence of a state statute, a judicial order that enforces or effects district populations and boundaries that discriminate against citizens in highly populous legislative districts, by definition preferring voters in less populous legislative districts, violates the Due Process and Equal Protection Clauses and the state constitution. The 2010 census rendered the state's 2002 legislative districts unconstitutional, which harms or threatens to harm the plaintiffs' constitutional rights.

22. Shifts in population and population growth have rendered the 33 Senate districts and 99 Assembly districts judicially established in 2002 no longer "apportioned … according to the number of inhabitants" as required by the state constitution and guaranteed by the federal constitution.

---

[2] If the partisan primary is moved to August (or earlier ), *see supra* at n.1, all other dates, including nomination paper circulation and filing, and the G.A.B.'s deadline to notify clerks, will also be moved to earlier dates.

10
Case 2:11-cv-00562-AEG   Filed 06/10/11   Page 10 of 14   Document 1

a. The population variations between and among the districts are substantial.

b. The plaintiffs who reside in the 11th, 16th, 22nd and 27th Senate districts, among others, based on the existing district lines, are particularly underrepresented in comparison with the residents of other districts.

c. The plaintiffs who reside in the 3rd, 46th, 56th, 79th and 99th Assembly districts, among others, based on the existing district lines, are particularly underrepresented in comparison with the residents of other districts.

23. If not otherwise enjoined or directed, the G.A.B. will have no choice but to carry out its statutory responsibilities for the upcoming 2012 fall legislative elections based on the 33 Senate and 99 Assembly unconstitutional districts because there are no other statutorily—or judicially—established legislative districts.

24. The legislative boundaries established in 2002 discriminate against citizens in the most highly populous legislative districts—including, but not limited to, Senate Districts 10, 11, 16, 22 and 27, and Assembly Districts 3, 29, 30, 46, 56, 79 and 99—and prefer citizens in the least populous districts in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and the Wisconsin Constitution.

25. The boundaries and the populations they define, unless modified, violate the principle of "one person, one vote" and do not guarantee that the vote and representation in the Wisconsin legislature for every citizen is equivalent to the vote and representation of every other citizen.

26. In the absence of the Wisconsin legislature and Governor enacting constitutionally-permissible legislative districts, the fall 2012 elections conducted under the

G.A.B.'s supervision will violate the rights of the plaintiffs (and others) under the Due Process and Equal Protection Clauses and under the Wisconsin Constitution.

27. The malapportionment of the state's legislative districts harms or threatens to harm the plaintiffs in concrete ways and, regardless of district population, every other citizen. Until valid redistricting occurs, they cannot know in which Senate or Assembly district they will reside and vote, nor do they have the ability to hold their representatives to the legislature prospectively accountable for their conduct in office. The absence of a valid redistricting plan means, among other things, that:

    a. Citizens who desire to influence the views of members of the Wisconsin legislature or candidates for the Senate and Assembly are not able to communicate their concerns effectively as citizens because members of the legislature or legislative candidates may not be held accountable to those citizens as voters in the next election;

    b. Potential candidates for the legislature will not be able to come forward until they know the borders of the districts in which they, as residents of the district, could seek office;

    c. Citizens who desire to communicate with and contribute financially to a candidate for the legislature who may or will represent them, a right guaranteed by the First Amendment, are hindered from doing so until districts are correctly reapportioned; and,

    d. Citizens rights are compromised because of the inability of candidates to campaign effectively and provide a meaningful election choice.

## RELIEF SOUGHT

WHEREFORE, the plaintiffs ask that the Court:

1. Immediately request that Hon. Frank H. Easterbrook, Chief Judge of the U.S. Court of Appeals for the Seventh Circuit, designate two other judges to form a three-judge panel under 28 U.S.C. § 2284(a);

2. Declare the apportionment of Wisconsin's 33 Senate districts and 99 Assembly districts, established by this Court in 2002 based on the 2000 Census, unconstitutional and invalid and the maintenance of those districts for the September 2012 primary election and November 6, 2012 general election a violation of plaintiffs' federal and state constitutional rights;

3. Enjoin the defendants and the G.A.B.'s employees and agents, including the county clerks in each of Wisconsin's 72 counties, from administering, preparing for and in any way permitting the nomination or election of members of the Wisconsin legislature from the unconstitutional Senate districts and unconstitutional Assembly districts that now exist in Wisconsin for the September 2012 primary election and November 6, 2012 general election;

4. In the absence of a constitutional state law, adopted by the Wisconsin legislature and signed by the Governor in a timely fashion, establish a judicial plan of apportionment to make the state's Senate districts and Assembly districts substantially equal in population and to otherwise meet the requirements of the U.S. Constitution and statutes and the Wisconsin Constitution and statutes;

5. Award the plaintiffs their costs, disbursements, and reasonable attorneys' fees incurred in bringing this action; and,

6. Grant such other relief as the Court deems proper.

Dated: June 10, 2011.

                                                GODFREY & KAHN, S.C.

                              By:   *s/ Rebecca Kathryn Mason*
                                         Rebecca Kathryn Mason
                                           State Bar No. 1055500
                                         Brady C. Williamson
                                         State Bar No. 1013896
                                         One East Main Street, Suite 500
                                         P.O. Box 2719
                                         Madison, WI 53701-2719
                                         608-257-3911
                                         rmason@gklaw.com

                                         *Attorneys for Plaintiffs*

6384727_5