# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALVIN BALDUS, CARLENE BECHEN,
ELVIRA BUMPUS, RONALD BIENDSEI,
LESLIE W DAVIS, III, BRETT ECKSTEIN,
GEORGIA ROGERS, RICHARD KRESBACH,
ROCHELLE MOORE, AMY RISSEEUW,
JUDY ROBSON, JEANNE SANCHEZ-BELL,
CECELIA SCHLIEPP, TRAVIS THYSSEN,
CINDY BARBERA,

       Plaintiffs,

v.

*Members of the Wisconsin Government
Accountability Board, each only in his official
capacity:*
MICHAEL BRENNAN, DAVID DEININGER,
GERALD NICHOL, THOMAS CANE,
THOMAS BARLAND, TIMOTHY VOCKE, *and*
KEVIN KENNEDY, *director and general counsel
for the Wisconsin Government Accountability
Board,*

       Defendants.

Case No. 11-CV-562

ORDER
DENYING
DEFENDANTS'
MOTION TO
DISMISS

October 21, 2011

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

PER CURIAM. The plaintiffs, a group of Wisconsin citizens whose voting rights may be affected by Wisconsin's now-approved redistricting law, have brought this suit against the defendants, all of whom are associated with the administration of Wisconsin's Government Accountability Board.

(Docket #12). The Government Accountability Board is a non-partisan body with general authority over implementation of the state's laws relating to elections and campaigns; it administers Wisconsin's elections of state assembly and senate members every two and four years, respectively. (Am. Compl. ¶ 6(a) (citing Wis. Stat. § 5.05(1))).

The plaintiffs, in their Amended Complaint, challenge Wisconsin's redistricting law as depriving them of their civil rights under color of state law, in violation of Title 42 of the United States Code, Sections 1983 and 1988. (Am. Compl. ¶¶ 33, 38, 44, 53, 61, 71, 79).

The defendants have filed a motion to dismiss the Amended Complaint, in which they argue:

(1)     that the matter is not ripe for review and that the plaintiffs lack standing, because they filed the Amended Complaint before Wisconsin's governor signed the redistricting bill into law (Def.'s Br. in Supp., 6–9);

(2)     that the Court should defer action or abstain from taking action in this case, until Wisconsin's judiciary responds to any challenges to the redistricting law (Def.'s Br. in Supp. 9–14);

(3)     that the Court lacks jurisdiction to hear this case, because the 2011 Wisconsin Act 39 requires that any person challenging Wisconsin's redistricting law must first bring their challenge in Wisconsin's state courts (Def's Br. in Supp. 14-17); and

(4)     that, as to their third claim, the plaintiffs have failed to state a claim upon which relief can be granted (Def's Br. in Supp. 18-20).

For the reasons discussed below, the Court is obliged to deny the Defendants' Motion to Dismiss the Amended Complaint.

## RIPENESS AND STANDING

The defendants' first argument fails because the Court finds that the matter is ripe for review and that the plaintiffs have standing to challenge the redistricting law. The doctrine of ripeness is intended "'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements…until [a decision] has been formalized.'" *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49).

Here, the plaintiffs' claims are ripe because a decision has been formalized. The governor has approved the redistricting law, and the Court can now rule on challenges to that law without "entangling" itself in "abstract" matters. Thus, the plaintiffs' challenge is ripe for review.

As for the matter of standing, the defendants argue only that the plaintiffs' Amended Complaint did not allege "actual or imminent" claims because they filed their Amended Complaint before the governor approved the redistricting law. (Def.'s Br. in Supp. 6–9 (citing *Deida v. City of Milwaukee*, 192 F. Supp. 2d 899, 904 (E.D. Wis. 2002) (quoting *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 527 (7th Cir. 2001) (internal citations omitted)) (stating that a party has standing when she alleges that "she has suffered (1) an 'actual or imminent…invasion of a legally protected interest' (2) caused by the defendant that (3) 'a favorable decision is likely to redress.'"))).

The Court disagrees, finding that the plaintiffs have standing under their Amended Complaint because the Amended Complaint states claims

that were imminent at the time of filing. Though the plaintiffs filed their Amended Complaint before the governor approved the law—and, thus, before any actual invasion of a legally protected interest—the governor's approval was imminent when the plaintiffs filed their complaint. At that juncture, the governor had been presented the redistricting bill passed by both houses of Wisconsin's Legislature. Additionally, the Wisconsin legislative and executive branches were controlled entirely by members of a single party, making it unlikely that the governor would veto or otherwise depart from the bill presented to him. And, time has confirmed that imminency: less than a month after the plaintiffs filed the Amended Complaint, Governor Walker signed the redistricting bill into law in the exact form that the Legislature had passed. Therefore, the Court finds that the approval of the law was imminent. Accordingly, the plaintiffs have standing to challenge the redistricting law on the basis of their Amended Complaint.

## ABSTENTION AND DEFERRAL

The defendants' second argument also fails given the fact that there are no actions pending in the Wisconsin courts that challenge the recently enacted redistricting law. Federal courts should abstain or defer action on challenges to state redistricting efforts when the state's own governing bodies have not yet concluded their reform efforts or when challenges to those efforts are pending in the state's courts. *See, e.g., Branch v. Smith*, 538 U.S. 254, 261 (2003), *Growe v. Emison*, 507 U.S. 25, 34 (1993), *Chapman v. Meier*, 420 U.S. 1, 27 (1975). The courts should defer or abstain in such cases to avoid "intrusion on the most vital of local functions." *Miller v. Johnson*, 515 U.S. 900, 915 (1995).

Here, though, the Court has no reason to abstain or defer, because it does not risk intruding upon the functions of Wisconsin's governing bodies. Wisconsin's legislative and executive branches have already concluded their redistricting efforts. Their efforts were complete when the governor signed the redistricting bill as passed by the Legislature, making it a law. Thus, the Court's review of the plaintiffs' claims will not interfere with any legislative redistricting efforts. Furthermore, its review will not intrude upon any judicial branch activity because there are no challenges to the redistricting efforts currently pending in Wisconsin's courts.

## LACK OF JURISDICTION

The Court also finds no merit to the defendants' third argument because a state may not define the contours of the jurisdiction of federal courts. In this regard, the defendants argue that the recently-enacted law, 2011 Wisconsin Act 39, requires that any challenge to Wisconsin's redistricting efforts be brought in Wisconsin's courts.

The Supremacy Clause of the United States Constitution makes the laws of the United States superior to the laws of the individual states. U.S. CONST. ART. VI, cl. 2. As a result, Wisconsin simply cannot strip litigants of their ability to seek redress under federal statutes, in federal courts, for violations of the federal Constitution. To do so would hold the laws of the state as superior to the laws of the United States.

The laws of the United States provide litigants with the right to bring a suit in federal court seeking redress for the violation of their civil rights under the United States Constitution. 42 U.S.C. §§ 1983, 1988. Wisconsin's law would strip the state's citizens of that federally-granted right, though, in cases where the redress being sought is related to the state's redistricting.

Thus, if Wisconsin's law were construed to bar the plaintiffs' access to the federal court, it would conflict with the law of the United States and would have to give way to the laws of the United States—the supreme laws of the land. U.S. CONST. ART. VI, cl. 2. Therefore, the 2011 Wisconsin Act 39 does not—and cannot—prevent this Court from hearing this case.

### FAILURE TO STATE A CLAIM

Finally, the Court turns to the defendants' substantive argument on plaintiffs' third claim for relief, and determines that the plaintiffs' Amended Complaint states a claim upon which relief can be granted. Therefore, the Court will not dismiss the plaintiffs' claim.

In evaluating the defendants' motion to dismiss, the Court must accept the plaintiffs' allegations in the Amended Complaint as true. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). To avoid dismissal, the Amended Complaint must allege sufficient facts to show that the plaintiffs' right to relief is more than merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The defendants argue that the plaintiffs fail to state a claim since "the right to vote, *per se*, is not a constitutionally protected right," and, thus, the Court cannot grant relief to the plaintiffs on their claim that the redistricting law disenfranchises 300,000 Wisconsin citizens. (Def.'s Br. in Supp. 18 (quoting *Rodriguez v. Popular Democratic Party*, 457 U.S. 1, 8 (1982) (internal quotations omitted))). The defendants are correct that the states can regulate elections, and even postpone the ability of some citizens to vote; but, the defendants fail to adequately acknowledge the principle that a redistricting plan cannot unnecessarily disenfranchise voters. *See Republican Party of Wisconsin v. Elections Bd.*, 585 F. Supp. 603, 606 (E.D. Wis. 1984) (allowing

temporary disenfranchisement only in two situations: when it is an "absolute necessity" or when it is "unavoidable") *vacated and remanded for dismissal of complaint, Wisconsin Elections Bd. b. Republican Party of Wisconsin*, 469 U.S. 1081 (1984).

The defendants incorrectly criticize the plaintiffs for "fail[ing] to fully read" the case on which they rely for the proposition that a redistricting plan cannot unnecessarily disenfranchise voters. (Def.'s Reply, 10 (criticizing plaintiffs for failing to read *Republican Party of Wisconsin*, 585 F. Supp. at 606)).[1] In fact, though, it seems that the defendants, themselves, may have failed to read that case in full: in *Republican Party of Wisconsin*, this Court found that the temporary disenfranchisement of 173,976 voters was "unnecessary," and, therefore, constituted a fatal flaw in the state's 1983 redistricting law. *Id.*, at 605. As such, the Court declared that law unconstitutional. *Id.*, at 606.

Taken as true, the plaintiffs have alleged sufficient facts to show that their claim to relief is more than speculative. The plaintiffs' Amended Complaint alleges that Wisconsin's redistricting law will result in the unnecessary disenfranchisement of 300,000 voters. (Am. Compl. ¶¶ 39–44). That number vastly exceeds the 173,976 voters that were disenfranchised under the 1983 redistricting law, which persuaded the three-judge panel to find a constitutional violation. If the plaintiffs are correct that the

---

[1]Regrettably, the Court is obliged to note that the tone of the briefs submitted by both parties skirt the line of being intemperate and unduly combative. Thus, despite the contentious political nature of this litigation, the court fully expects that, as officers of the court, counsel will conduct themselves professionally as this case moves forward, and avoid the temptation to resort to vitriolic grandstanding as a substitute for sound legal argument.

redistricting law disenfranchises 300,000 voters, then their claim for relief appears much more than speculative at this stage of the proceedings.

Therefore, because the Court must accept that allegation as true, it finds that the plaintiffs have stated a claim upon which relief may be granted.

CONCLUSION

For the foregoing reasons, the Court must deny the defendants' motion to dismiss.

Accordingly,

IT IS ORDERED that the Defendants' Motion to Dismiss Amended Complaint (Docket #16) be and the same is hereby DENIED.