# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ALVIN BALDUS, CARLENE BECHEN,
ELVIRA BUMPUS, RONALD BIENDSEI,
LESLIE W. DAVIS, III, BRETT ECKSTEIN,
GEORGIA ROGERS, RICHARD
KRESBACH, ROCHELLE MOORE, AMY
RISSEEUW, JUDY ROBSON, JEANNE
SANCHEZ-BELL, CECELIA SCHLIEPP,
TRAVIS THYSSEN, CINDY BARBERA, et
al.,

Plaintiffs,

vs.

Members of the Wisconsin Government
Accountability Board, each only in his official
capacity:
MICHAEL BRENNAN, DAVID DEININGER,
GERALD NICHOL, THOMAS CANE,
THOMAS BARLAND, TIMOTHY VOCKE,
*and* KEVIN KENNEDY, director and general
counsel for the Wisconsin Government
Accountability Board,

      Defendants,

and

F. JAMES SENSENBRENNER, JR.,
THOMAS E. PETRI, PAUL D. RYAN, JR.,
REID J. RIBBLE, and SEAN P. DUFFY,

      Intervenor-Defendants.

Case No. 11-CV-562

---

## [PROPOSED] ANSWER-IN-INTERVENTION TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

The Intervenor-Defendants, F. James Sensenbrenner, Jr., Thomas E. Petri,

Paul D. Ryan, Jr., Reid J. Ribble, and Sean P. Duffy (collectively, the "Republican House

MILW_11929147.1

Members"), by their undersigned attorneys, for their answer-in-intervention to the First

Amended Complaint for Declaratory and Injunctive Relief (hereinafter, the "Amended

Complaint"), admit, deny, allege, and state as follows:

## SUMMARY

The Proposed Intervenor-Defendants are the incumbent Republican Members of

the House of Representatives from Wisconsin. They represent the people of the current First,

Fifth, Sixth, Seventh, and Eighth Districts in the 112th Congress. Each of them currently expects

to be a candidate for re-election to the House in the November 2012 general election (and, if

necessary, the August 2012 primary election).

The clear primary focus of the plaintiffs' attention in the Amended Complaint is

2011 Wisconsin Act 43, which contains the boundaries that will, unless that Act is held to be

unconstitutional or otherwise illegal, apply in future elections to the Wisconsin Legislature. The

references throughout the Amended Complaint to "legislative districts" are to the districts drawn

in Act 43. The Amended Complaint attacks Act 43 under various provisions of the United States

Constitution, the federal Voting Rights Act, and the Wisconsin Constitution.

The Amended Complaint also claims that a different statute, 2011 Wisconsin Act

44, which contains the boundaries that will apply in future elections to the House of

Representatives, violates the United States Constitution. These claims are contained in the

Fourth, Fifth, and Seventh Claims of the Amended Complaint. The references throughout the

Amended Complaint to "Congressional districts" are to the districts drawn in Act 44. The

Wisconsin Constitution does not refer to Congressional redistricting, and the Amended

Complaint does not contend that Act 44 violates the federal Voting Rights Act.

MILW_11929147.1

The Republican House Members have no distinctive or particular legal interest in the constitutionality of Act 43 and do not intend, in this Answer or in this action generally, to take any position with respect to that Act. They do, however, assert and maintain that Act 44 is valid and constitutional and that the plaintiffs' attack on it is wholly lacking in merit.

Accordingly, throughout this Answer, the Republican House Members intend, by stating that an allegation in the Amended Complaint "relates to Act 43," or by using similar language, to state that — because the allegation is not (or does not appear to be) part of the plaintiffs' challenge to Act 44, which is the only challenge that the Republican House Members seek to defend against — they do not answer the allegation or they lack knowledge or information sufficient to form a belief as to its truth.

The four un-numbered "summary" paragraphs at the outset of the Amended Complaint state the plaintiffs' litigating positions and legal conclusions generally and, therefore, need be and are neither admitted nor denied.

## JURISDICTION

1.      Admit the allegations in paragraph 1, except deny that either the Three-Judge Court Act, 28 U.S.C. § 2284, or the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, confers subject matter jurisdiction.

2.      Some of the allegations in paragraph 2 relate to Act 43; deny them insofar as they relate to Act 44.

3.      In response to the allegations in paragraph 3, state that a district court of three judges has already been convened; admit that three-judge courts were convened in Wisconsin apportionment cases in 1982, 1992, and 2002; deny that the complaints in those cases were like

MILW_11929147.1

the Amended Complaint in this case, because in each of those cases no redistricting statutes had been enacted by the Legislature, whereas valid redistricting statutes have been enacted in 2011.

## VENUE

4. Admit the allegations in paragraph 4 respecting the residences of the defendants; state that they lack knowledge or information sufficient to form a belief as to truth of the allegations respecting the residences of the plaintiffs.

## PARTIES

5. State that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and its subparagraphs, except deny that the rights of any of the plaintiffs are harmed or threatened by Act 44.

6. Upon information and belief, admit the allegations in paragraph 6, except that each of the subparagraphs thereof state legal conclusions that need be and are neither admitted nor denied.

## CONSTITUTIONAL AND STATUTORY PROVISIONS / FACTS

7. State that paragraph 7 states legal conclusions that need be and are neither admitted nor denied.

8. State that paragraph 8 states legal conclusions that need be and are neither admitted nor denied.

9. State that paragraph 9 states legal conclusions that need be and are neither admitted nor denied.

10. State that paragraph 10 states legal conclusions that need be and are neither admitted nor denied.

4

11.	State that paragraph 11 states legal conclusions that need be and are neither admitted nor denied.

12.	State that paragraph 12 states legal conclusions that need be and are neither admitted nor denied.

13.	State that paragraph 13 states legal conclusions that need be and are neither admitted nor denied.

14.	Admit the allegations in paragraph 14.

15.	Admit the allegations in paragraph 15.

16.	Paragraph 16 relates to Act 43.

17.	Paragraph 17 relates to Act 43.

18.	Paragraph 18 relates to Act 43.

19.	Paragraph 19 relates to Act 43

20.	Paragraph 20 relates to Act 43.

21.	Admit the allegations contained in paragraph 21, except state that, because the whole population of Wisconsin is not evenly divisible by eight, the precise ideal population for some Congressional districts is one larger than for others.

22.	State that paragraph 22 states legal conclusions that need be and are neither admitted nor denied.

23.	With respect to the allegations in paragraph 23, admit that on July 19 and 20, 2011, the Wisconsin Legislature adopted legislation that contained Congressional districting boundaries based on the results of the 2010 Census and that, upon approval by the Governor, became Act 44; state that they lack knowledge or information sufficient to form a belief as to the

5

truth of the allegations respecting what the plaintiffs refer to as "legislative process and schedule."

24. With respect to the allegations in paragraph 24, admit that Act 44 created Congressional districts with total population deviations as inconsequential as the laws of arithmetic permit.

## CLAIMS FOR RELIEF

25. Some of the allegations in paragraph 25 relate to Act 43; deny them insofar as they relate to Act 44.

26. Some of the allegations in paragraph 26 relate to Act 43; deny them insofar as they relate to Act 44.

## FIRST CLAIM

27. Paragraph 27 relates to Act 43.

28. Paragraph 28 relates to Act 43.

29. Paragraph 29 relates to Act 43.

30. Paragraph 30 relates to Act 43.

31. Paragraph 31 relates to Act 43.

32. Paragraph 32 relates to Act 43.

33. Paragraph 33 relates to Act 43.

## SECOND CLAIM

34. Paragraph 34 relates to Act 43.

35. Paragraph 35 relates to Act 43.

36. Paragraph 36 relates to Act 43.

37. Paragraph 37 relates to Act 43.

MILW_11929147.1

38.     Paragraph 38 relates to Act 43.

## THIRD CLAIM

39.     Paragraph 39 relates to Act 43.

40.     Paragraph 40 relates to Act 43.

41.     Paragraph 41 relates to Act 43.

42.     Paragraph 42 relates to Act 43.

43.     Paragraph 43 relates to Act 43.

44.     Paragraph 44 relates to Act 43.

## FOURTH CLAIM

45.     Incorporate by reference their responses in paragraphs 1 through 44 above, as if set forth fully herein.

46.     State that paragraph 46 states legal conclusions that need be and are neither admitted nor denied.

47.     State that paragraph 47 states legal conclusions that need be and are neither admitted nor denied.

48.     Deny the allegations in paragraph 48 and each of the subparagraphs thereof.

49.     State that paragraph 49 states legal conclusions that need be and are neither admitted nor denied.

50.     State that paragraph 50 states legal conclusions that need be and are neither admitted nor denied.

51.     Deny the allegations in paragraph 51, except that:

        a.      With respect to subparagraph a thereof, state that Act 44 leaves the portion of the City of Appleton lying in Winnebago County in the 6th Congressional District and

7

the portion of Appleton lying in Outagamie County in the 8th Congressional District, as they were under the previous Congressional districting legislation adopted with bi-partisan support in 2002 (*see* 2009-10 Wis. Stat. §§ 3.16 & 3.18); admit that Act 44 joins all portions of Appleton lying in Calumet County together in the 8th Congressional District, whereas the previous Congressional districting legislation split those portions of Appleton between the 6th and 8th Congressional districts; further state that Act 44 leaves those portions of the City of Menasha lying in Winnebago County and all of the City and Town of Neenah (which lie in Winnebago County) in the 6th Congressional District, and that the Act joins that portion of Menasha lying in Calumet County with the rest of Calumet County as part of the 8th Congressional District; allege that all of the plaintiffs' allegations in this subparagraph appear to stem from Act 44's joining together all of Calumet County as part of the 8th Congressional District, instead of splitting it, as the previous legislation did, between the 6th and 8th Congressional Districts (*see id.*).

      b.      With respect to subparagraph b thereof, state that Act 44 joins the portion of the City of Milwaukee lying in Waukesha County with the rest of that City as part of the 4th Congressional District, rather than leaving it separated from the adjoining portions of Milwaukee, as the previous Congressional districting legislation did (*see* 2009-10 Wis. Stat. § 3.15(f)), so that all of the City of Milwaukee now lies within a single Congressional district; deny any implication that Act 44 dilutes minority voters' influence in the 4th Congressional District; admit that Act 44 moves the Village of River Hills and portions of the Village of Bayside lying in Milwaukee County from the 5th Congressional District into the 6th Congressional District, along with the portion of Bayside lying in Ozaukee County, which is the only reason that portions of Milwaukee

8

County now lie in four Congressional districts, rather than three under the previous legislation.

52. In response to paragraph 52, state that they assume that the GAB will carry out its statutory responsibilities; deny each and every one of the remaining allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

## FIFTH CLAIM

54. Incorporate by reference their responses in paragraphs 1 through 53 above, as if set forth fully herein.

55. State that paragraph 55 states legal conclusions that need be and are neither admitted nor denied.

56. Some of the allegations in paragraph 56 and the subparagraphs thereof relate to Act 43; deny them insofar as they relate to Act 44.

57. Some of the allegations in paragraph 57 relate to Act 43; deny them insofar as they relate to Act 44.

58. Paragraph 58 relates to Act 43.

59. Some of the allegations in paragraph 59 and the subparagraphs thereof relate to Act 43; deny them insofar as they relate to Act 44.

60. Paragraph 60 relates to Act 43.

61. Some of the allegations in paragraph 61 relate to Act 43; deny them insofar as they relate to Act 44.

## SIXTH CLAIM

62. Paragraph 62 relates to Act 43.

63. Paragraph 63 relates to Act 43.

9

64.     Paragraph 64 relates to Act 43.

65.     Paragraph 65 relates to Act 43.

66.     Paragraph 66 relates to Act 43.

67.     Paragraph 67 relates to Act 43.

68.     Paragraph 68 relates to Act 43.

69.     Paragraph 69 relates to Act 43.

70.     Paragraph 70 relates to Act 43.

71.     Paragraph 71 relates to Act 43.

## SEVENTH CLAIM

72.     Incorporate by reference their responses in paragraphs 1 through 71 above, as if set forth fully herein.

73.     State that paragraph 73 states legal conclusions that need be and are neither admitted nor denied.

74.     Some of the allegations in paragraph 74 relate to Act 43; deny them insofar as they relate to Act 44.

75.     Paragraph 75 relates to Act 43.

76.     Some of the allegations in paragraph 76 relate to Act 43; deny them insofar as they relate to Act 44.

77.     Some of the allegations in paragraph 77 relate to Act 43; deny them insofar as they relate to Act 44.

78.     Paragraph 78 relates to Act 43.

79.     Some of the allegations in paragraph 79 relate to Act 43; deny them insofar as they relate to Act 44.

10

## AFFIRMATIVE DEFENSES

80.     The Amended Complaint fails to state a claim upon which relief may be granted with respect to Act 44.

81.      The Amended Complaint fails to articulate workable standards by which this Court could measure the burden that the political gerrymander of Wisconsin's Congressional districts that the plaintiffs assert is embodied in Act 44 imposes on the plaintiffs' representational rights, and, therefore, does not present a justiciable controversy with respect thereto.

WHEREFORE, the Intervenor-Defendants, F. James Sensenbrenner, Jr., Thomas E. Petri, Paul D. Ryan, Jr., Reid J. Ribble, and Sean P. Duffy, demand judgment as follows:

1.     Denying the declaratory and injunctive relief sought by the plaintiffs with respect to Act 44 and the Congressional districts that it has created.

2.     Dismissing the Amended Complaint on its merits and with prejudice.

3.     Awarding them their costs and reasonable attorneys' fees.

4.     Such other and further relief as the Court may deem just and proper.

MILW_11929147.1

FOLEY & LARDNER LLP

Dated this 10th day of November, 2011.

<u>      s/ Thomas L. Shriner, Jr.     </u>
Thomas L. Shriner, Jr.
Wisconsin Bar No. 1015208
Kellen C. Kasper
Wisconsin Bar No. 1081365
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-5306
414.297.5601 (TLS)
414.297.5783 (KCK)
414.297.4900 (facsimile)

Attorneys for Intervenor-Defendants
F. James Sensenbrenner, Jr., Thomas E.
Petri, Paul D. Ryan, Jr., Reid J. Ribble, and
Sean P. Duffy

12