# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

ALVIN BALDUS, CINDY BARBERA,
CARLENE BECHEN, ELVIRA BUMPUS,
RONALD BIENSDEIL,LESLIE W. DAVIS III,
BRETT ECKSTEIN, GEORGIA ROGERS,
RICHARD KRESBACH, ROCHELLE MOORE,
AMY RISSEEUW, JUDY ROBSON, JEANNE
SANCHEZ-BELL, CECELIA SCHLIEPP, and
TRAVIS THYSSEN,

        Plaintiffs,

      v.                           Case No.  11-CV-562

Members of the Wisconsin Government Accountability
Board, each only in his official capacity:
MICHAEL BRENNAN, DAVID DEININGER,
GERALD NICHOL, THOMAS CANE,
THOMAS BARLAND, and TIMOTHY VOCKE and
KEVIN KENNEDY, Director and General Counsel for the
Wisconsin Government Accountability Board,

        Defendants.

## [PROPOSED] COMPLAINT-IN-INTERVENTION
## FOR DECLARATORY AND INJUNCTIVE RELIEF

      Tammy Baldwin, Ronald Kind and Gwendolynne Moore (hereinafter collectively

"Intervenor-Plaintiffs"), by their attorneys, Lawton & Cates S.C., for their Complaint-in-

Intervention, hereby allege as follows:

### SUMMARY

      The Intervenor-Plaintiffs are incumbent Democratic members of the United States House

of Representatives, currently representing the following Wisconsin Congressional districts:

Second (Rep. Baldwin), Third (Rep. Kind) and Fourth (Rep. Moore).  Each of them expects to or

may be a candidate for re-election to their current positions during the 2012 elections.

The First Amended Complaint in this instant action challenges the legality of two recently passed Wisconsin bills – 2011 Wisconsin Act 43 and 2011 Wisconsin Act 44.  Act 43, as it currently exists, pertains to the "legislative districts" of Wisconsin, which will apply to future elections to the Wisconsin Legislature and State Senate.  The First Amended Complaint seeks declaratory and injunctive relief, as well as a judicial redistricting plan and costs under various state and federal laws and constitutions.  (1st Am. Compl., ¶¶ 16-20, 27-44, 62-71).

The First Amended Complaint also challenges the legality of 2011 Wisconsin Act 44, which pertains to the Congressional Districts of Wisconsin.  (1st Am. Compl., ¶¶ 21-24, 45-61, 72-79).  The Plaintiffs allege that Act 44 violates the United States Constitution.  (1st Am. Compl., ¶¶ 45-61, 72-79).  On November 10, 2011, the Wisconsin's Republican Members of the House of Representatives, F. James Sensenbrenner, Jr., Thomas E. Petri, Paul D. Ryan, Jr., Reid J. Ribble and Sean P. Duffy, filed a Motion to Intervene and Proposed Answer-in-Intervention, supporting the constitutionality of Act 44 without taking a position as to the claims regarding Act 43.

Intervenor-Plaintiffs, Wisconsin's Democratic House Members, like their Republican colleagues, have no legal interest in the legality of Act 43 and the disposition of the various claims of the Plaintiffs as they pertain to Act 43.  The Intervenor-Plaintiffs do, however, claim a distinct legal interest in the action as it pertains to 2011 Wisconsin Act 44, which they believe is, as alleged in the First Amended Complaint and herein, void under the United States Constitution.

The Intervenor-Plaintiffs, like the Intervenor-Defendants, therefore will, throughout this Complaint-in-Intervention, allege only those facts and claims which pertain to Act 44 and will take no position on the facts and claims pertaining to Act 43.  For purposes of clarity and continuity the Complaint-in-Intervention will maintain the numbering and format of the First

Amended Complaint, indicating those paragraphs of the First Amended Complaint which pertain only to Act 43.

## JURISDICTION

1.      Jurisdiction in this court is proper under 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1357 and 2284 for claims for legal and equitable relief arising under the federal constitution and federal law and supplemental jurisdiction is proper under 28 U.S.C. § 167 to hear claims under Wisconsin's constitution and laws.  This Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to grant the declaratory relief requested.

2.      This Complaint challenges only the constitutionality of Wisconsin's legislatively-adopted boundaries for the state's Congressional districts, found in chapter 3 of the Wisconsin statutes.  While these Congressional districts are based on the 2010 census, they are nevertheless unconstitutional and violate state and federal law.  The Intervenor-Plaintiffs take no position on the legality of 2011 Wisconsin Act 43.

3.      A three-judge panel has already been convened in this matter pursuant to 28 U.S.C. § 2284.  Three-judge panels were similarly convened in Wisconsin apportionment cases in 1982, 1992 and 2002.

## VENUE

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and (c).  At least one of the defendants, at least nine of the individual plaintiffs and at least one of the intervenor-plaintiffs reside and vote in the Eastern District of Wisconsin.

3

## PARTIES

*Plaintiffs*

5.      The Intervenor-Plaintiffs are incumbent Democratic members of the United States House of Representatives, currently representing the following Wisconsin Congressional districts:  Second (Rep. Baldwin), Third (Rep. Kind) and Fourth (Rep. Moore).  Each of them expects to or may be a candidate for re-election to their current positions during the 2012 election or elections.

*Defendants*

6.      Intervenor-Plaintiffs incorporate by reference the allegations contained within paragraph 6 and subparagraphs of the First Amended Complaint, only so far as those allegations pertain to 2011 Wisconsin Act 44 and the legality thereof.

6a.      Intervenor-Defendants F. James Sensenbrenner, Jr., Thomas E. Petri, Paul D. Ryan, Jr., Reid J. Ribble and Sean P. Duffy are all Republican Members of the United States House of Representatives.  Intervenor-Defendants have moved this Court for leave to intervene, claiming an interest in the subject matter of this action.

## CONSTITUTIONAL AND STATUTORY PROVISIONS/FACTS

7.      The Constitution of the United States requires that Members of the House of Representatives be elected from districts of equal population.  U.S. Const. Art. I, § 2; U.S. Const. amend. XIV, § 2.  Congressional districts must ensure continuity, compactness and to some extent, competitiveness.  Other portions of paragraph 7 of the First Amended Complaint pertain to Act 43, to which the Intervenor-Plaintiffs claim no interest.

8.      The U.S. Constitution, Article I, Section 2, provides that:  "Representatives … shall be apportioned among the several states…according to their respective numbers…"  It

further provides, "The House of Representatives shall be composed of members chosen every second year by the people of the several states…"

9.  The Due Process Clause of the Fifth Amendment provides that, "[n]o person shall … be deprived of life, liberty, or property, without due process of law."

10. The Fourteenth Amendment, provides, in relevant part:

> No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of laws.

11-12. Paragraphs 11-12 of the First Amended Complaint pertain only to the disposition of Wisconsin Act 43, in which the Intervenor-Plaintiffs claim no legal interest. This paragraph is a placeholder to preserve the numbering and format of the complaint.

13. Every 10 years and pursuant to 2 U.S.C. § 2a, the President of the United States is to transmit to Congress, based on the decennial census, "the number of persons in each State," and, "the number of Representatives to which each State would be entitled under an apportionment of the then existing number of Representatives…" Pursuant to 2 U.S.C. § 2c, "there shall be established by law a number of districts equal to the number of Representatives to which such State is so entitled, and Representatives shall be elected from districts so established…"

14. The U.S. Department of Commerce Bureau of the Census conducted the decennial census of the United States in 2010.

15. On December 21, 2010, pursuant to statute, the Census Bureau announced and certified the population of Wisconsin to be 5,686,986 as of April 1, 2010. A copy of the Census Bureau's Apportionment Population and Number of Representatives, by state, was attached as Exhibit A to the First Amended Complaint and is incorporated by reference.

5

*Legislative Districts*

16-17.  Paragraphs 16 and 17, including all subparagraphs, of the First Amended Complaint pertain only to the disposition of Wisconsin Act 43, in which the Intervenor-Plaintiffs claim no legal interest.  This paragraph is a placeholder to preserve the numbering and format of the complaint.

18.  Redistricting legislation was drafted on behalf of the majority party's leadership in the Wisconsin Assembly and Senate and first released to the public on July 8, 2011.

19.  The public aspects of the redistricting process were completed in 12 days:

a.  On July 13, 2011, the legislature held the first and only public hearing to take testimony on the legislation.

b.  The Wisconsin Senate Judiciary Committee adopted the redistricting proposal with minor amendments and companion legislation on July 15, 2011.

c.  The Wisconsin Senate approved the amended legislation and companion legislation regarding redistricting on July 19, 2011.  The Assembly approved the legislation on July 20, 2011.  On or about August 9, the Governor signed the legislation:  2011 Wisconsin Act 43, pertaining to state legislature districts, and 2011 Wisconsin Act 44, pertaining to the state's congressional districts. A copy of the amendment to redistricting legislation, was attached as Exhibit A to the First Amended Complaint and is incorporated by reference.

20.  Paragraph 20 of the First Amended Complaint pertains only to the disposition of Wisconsin Act 43, in which the Intervenor-Plaintiffs claim no legal interest.  This paragraph is a placeholder to preserve the numbering and format of the complaint.

*Congressional Districts*

21.     Based on the 2010 Census, the ideal population for each Wisconsin Congressional District is 710,873.

22.     The state legislature has the primary responsibility under the United States Constitutions and 2 U.S.C. §2c to enact a constitutionally valid plan establishing the boundaries for Wisconsin's eight Congressional districts.

23.     On July 19 and 20, the Wisconsin legislature adopted Congressional districts based on the 2010 census.  On or about August 9, the Governor signed that legislation, known as 2011 Wisconsin Act 44, into law.  Congressional redistricting resulted from the same legislative process and schedule as described in paragraphs 18 and 19, *supra.*

24.     The Congressional districts resulting from Act 44, to be used in the 2012 elections, have minimal total population deviations.

## CLAIMS FOR RELIEF

25.     While the new political districts contain small population deviations, they nonetheless violate U.S. constitutional requirements that each district be compact, preserve the core population of prior districts, and preserve communities of interest while also preserving equal populations.

26.     Wisconsin's redistricting boundaries impermissibly discriminate against the intervenor-plaintiffs in the political process, and use of those boundaries for elections in 2010 and beyond will deny the intervenor-plaintiffs the opportunities for a fair and effective election for their Congressional districts in 2012 and into the future.

## FIRST, SECOND AND THIRD CLAIM

27-44. The First Second, and Third Claim, Paragraphs 27-44, and all included subparagraphs, of the First Amended Complaint pertain only to the disposition of Wisconsin Act 43, in which the Intervenor-Plaintiffs claim no legal interest. This paragraph is a placeholder to preserve the numbering and format of the complaint.

## FOURTH CLAIM

### Congressional Districts Are Not Compact and Fail to Preserve Communities of Interest

45. Intervenor-Plaintiffs incorporate by reference the allegations in paragraphs 1 through 44 above.

46. The Constitutions of Wisconsin and the United States require political districts be compact and preserve communities of interest.

47. The compactness of a district refers both to its shape and the ability of its citizens to relate to each other and their elected representative and the ability of the representative to relate to his or her constituents.

48. As established by Act 44, the Congressional Districts will fail to meet constitutional standards of compactness.

    a. The 7th Congressional district unnecessarily spans a vast area from Superior, Wisconsin in the northwest to just north of Madison in the south and east into Forest County.

    b. The 3rd Congressional district unnecessarily spans from the far southwest corner of the state north almost to the Twin Cities and west to the center of the state.

c.      The expanse covered by the Congressional districts deprive residents of the opportunity to effectively communicate with their representative and for the representatives to effectively communicate with his or her constituents.

49.      Communities of interest are to be preserved.  A "community of interest" is local government or tribal boundary and can also reflect considerations of the citizenry's ethnicities, cultural affinities and traditional geographical boundaries, historical political represeantations and need for government services.

50.      Fracturing communities of interests by dividing them among Congressional districts negatively impacts the abilities of the representatives to communicate with, relate to and provide adequate representation.

51,      The Congressional Districts as established by Act 44 impermissibly do the following:

a.      Fox Valley Area:  The new legislation unnecessarily fractures the Fox Valley area.  The City of Appleton will be divided between the 8th and the 6th Congressional Districts.  The Cities of Neenah and Menasha will be separated from the rest of the Fox Valley area.

b.      Milwaukee Area:  Milwaukee County will be fractured into four separate districts, compared to the 2002 boundaries where the county was represented by three Representatives.

52.      If not otherwise enjoined, the Defendants, the Government Accountability Board, will carry out its responsibilities regarding the 2012 Congressional elections based on these illegally drawn boundaries, which will harm the Intervenor-Plaintiffs.

53.     Any such election will deprive the Intervenor-Plaintiffs of their civil rights under color of state law in violation of 42 U.S.C. §§ 1983 and 1988.

### FIFTH CLAIM

**Congressional and Legislative Districts Constitute
Unconstitutional Gerrymandering**

54.     Intervenor-Plaintiffs incorporate by reference the allegations in paragraphs 1 through 53 above.

55.     The First and Fourteenth Amendments to the United States Constitution require that all citizens have an equal opportunity to elect their Congressional representatives and prohibit vote dilution by gerrymandering which substantially disadvantages voters or candidates of one party and deprive them of their opportunity to influence the political process.

56.     The majority's legislative leadership in the Wisconsin legislature systematically created Congressional districts to give their party an unfair electoral advantage in an attempt to preserve political majorities.

     a.     Paragraph 56, subparagraph (a) of the First Amended Complaint pertains only to the disposition of Wisconsin Act 43, in which the Intervenor-Plaintiffs claim no legal interest.  This paragraph is a placeholder to preserve the numbering and format of the complaint.

     b.     Paragraph 56, subparagraph (b) of the First Amended Complaint pertains only to the disposition of Wisconsin Act 43, in which the Intervenor-Plaintiffs claim no legal interest.  This paragraph is a placeholder to preserve the numbering and format of the complaint.

57.     The new Congressional districts will impermissibly degrade the influence of minority party voters on the political process and the ability of the Intervenor-Plaintiffs to meaningfully run for re-election.

58.     Paragraph 58 of the First Amended Complaint pertains only to the disposition of Wisconsin Act 43, in which the Intervenor-Plaintiffs claim no legal interest.  This paragraph is a placeholder to preserve the numbering and format of the complaint.

59.     As a result of Act 44, Intervenor-Plaintiffs will not be able to fairly and able represent their constituents in 2012 and beyond.

      a.     The minority party was denied a fair chance to participate in the redistricting process.

      b.     The minority party in the state legislature has been denied access to the political process throughout the 2011-12 legislative term.

60.     If not otherwise enjoined, the Defendants, the Government Accountability Board, will carry out its responsibilities regarding the 2012 Congressional elections based on these illegally drawn boundaries, which will harm the Intervenor-Plaintiffs.

61.     Any such election will deprive the Intervenor-Plaintiffs of their civil rights under color of state law in violation of 42 U.S.C. §§ 1983 and 1988.

## SIXTH CLAIM

62-71. The Sixth Claim, Paragraphs 62-71, including all subparagraphs, of the First Amended Complaint pertain only to the disposition of Wisconsin Act 43, in which the Intervenor-Plaintiffs claim no legal interest.  This paragraph is a placeholder to preserve the numbering and format of the complaint.

**SEVENTH CLAIM**

72.     Intervenor-Plaintiffs incorporate by reference the allegations in paragraphs 1 through 71 above.

73.     The Fourteenth Amendment allows some deviation from population equality in political boundaries if based on established redistricting policies.

74.     The legislature failed to consider principles of compactness, communities of interests and preserving core populations in drawing the new district boundaries.

75.     Paragraph 75 of the First Amended Complaint pertains only to the disposition of Wisconsin Act 43, in which the Intervenor-Plaintiffs claim no legal interest.  This paragraph is a placeholder to preserve the numbering and format of the complaint.

76.     The State of Wisconsin had no justification for any population deviation.   The population deviations are greater than necessary because they do nothing to preserve communities of interests or core populations, and are not based on local boundaries.

77.     There is no legitimate state interest that justifies the new Congressional districts.

78.     If not otherwise enjoined, the Defendants, the Government Accountability Board, will carry out its responsibilities regarding the 2012 Congressional elections based on these illegally drawn boundaries, which will harm the Intervenor-Plaintiffs.

79.     Any such election will deprive the Intervenor-Plaintiffs of their civil rights under color of state law in violation of 42 U.S.C. §§ 1983 and 1988.

**RELIEF SOUGHT**

WHEREFORE, Intervenor-Plaintiffs respectfully request the following relief:

1.     Declare Wisconsin's eight Congressional Districts, as established by 2011 Wisconsin Act 44 as passed by the legislature on July 19 and 20, 2011 and signed by the

Governor on or about August 9, 2011, unconstitutional and invalid and the maintenance of those districts for the 2012 primary election and November 6, 2012 general election a violation of Intervenor-Plaintiffs' federal and state legal rights.

2. Paragraph 2 of the Relief Sought in the First Amended Complaint pertains only to the disposition of Wisconsin Act 43, in which the Intervenor-Plaintiffs claim no legal interest. This paragraph is a placeholder to preserve the numbering and format of the complaint.

3. Enjoin the defendants, the G.A.B., and its employees, agents and assigns, including county clerks in each of Wisconsin's 72 counties, from administering, preparing for and in any way permitting the nomination or election of members of the U.S. House of Representatives from the unconstitutional districts that now exist in Wisconsin for the 2012 elections.

4. Order and establish a judicial redistricting plan to make the state's Congressional and legislative districts substantially equal in population and, in addition, meet the requirements of the United States Constitution and the statutes and the Wisconsin Constitution and statutes;

5. Award the Intervenor-Plaintiffs costs, disbursements and reasonable attorneys' fees incurred in this action.

6. Such other relief as the Court deems equitable and proper.

Dated this 17th day of November, 2011

LAWTON & CATES, S.C.


/s/ P. Scott Hassett
P. Scott Hassett, SBN 1013921
Daniel S. Lenz, SBN 1082058
10 E. Doty St., Suite 400
P. O. Box 2965
Madison, WI 53701-2965
(608) 282-6200
(608) 282-6252 facsimile

Attorneys for Proposed Intervenor-Plaintiffs,
Tammy Baldwin, Ronald Kind and
Gwendolynne Moore