UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, and CINDY BARBERA, <br><br> Plaintiffs, <br><br> TAMMY BALDWIN, GWENDOLYNNE MOORE, and RONALD KIND, <br><br> Intervenor-Plaintiffs, <br><br> v. <br><br> Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board, <br><br> Defendants, <br><br> F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY, <br><br> Intervenor-Defendants. | Case No. 11-CV-562 JPS-DPW-RMD <br><br><br><br><br><br><br><br><br><br> ORDER |

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

By its November 15, 2011 order (Docket #36), the Court requested that the original parties to this case file briefs responding to the intervenor-defendants' motion to intervene (Docket #32). Shortly thereafter, Wisconsin's incumbent Democratic Congress Members filed a motion to intervene as intervenor-plaintiffs. (Docket #44). The plaintiffs filed a brief opposing the intervention of the Republican Congress Members, and also indicating that they would oppose the intervention of any additional parties, including that of the Democratic Congress Members. (Docket #41). The defendants, on the other hand, supported the intervention of the Republican Congress Members, but have not had an opportunity to respond to the Democratic Congress Members' motion to intervene. The Court does not believe that any such response is necessary, though, as both parties' Congress Members are identically situated as incumbents, differing only in their support for the defendants or plaintiffs. Thus, the Court will make its decision on both sets of intervenors' motions on the briefs that have been submitted to the Court. Ultimately, the Court will grant both intervening parties' motions, allowing them to intervene in this case.[1]

Fed. R. Civ. P. 24(a)(2) allows a party to intervene as a matter of right if the applicant can demonstrate that: "(1) the application is timely; (2) the applicant has an 'interest' in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest." *Security Ins. Co. of*

---

[1]Given the similarity of both intervening parties' situations and arguments in favor of intervention, unless the context requires otherwise, the Court will address both parties jointly simply as the "intervenors." The Court's discussion of the law and its decision apply equally to both intervenors' motions.

*Hartford v. Schipporeit*, 69 F.3d 1377, 1380 (7th Cir. 1995) (internal citations omitted); *see also Ligas v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007). Even if a party is unable to intervene as a matter of right, though, the Court may still permit that party to intervene if the intervening party "has a claim or defense that shares with the main action a common question of law or fact," and files a timely motion to intervene. Fed. R. Civ. P. 24(b). Typically, this standard is met if the motion is filed timely and the intervening party is advocating "for the same outcome as one of the existing parties"—a much lower "interest" standard than that required to intervene as a matter of right. *Bond v. Utreras*, 585 F.3d 1061, 1070 (7th Cir. 2009) (citing *Horne v. Flores*, 129 S. Ct. 2579, 2591 (2009)).

The plaintiffs argue that the intervenors cannot intervene as a matter of right. (Pl.'s Resp. Mot. Int. 1–4). Essentially, the plaintiffs argue that the intervenors do not have an adequate interest to establish a right to intervene. (Pl.'s Resp. Mot. Int. 2). Plaintiffs make the obvious point that the intervenors do not have a right to maintain their seat, but are rather similarly situated to all other Wisconsin residents who would be eligible to run for a congressional seat. (Pl.'s Resp. Mot. Int. 2).

Thus, while the Court believes that the intervenors have come very near to establishing their ability to intervene as a matter of right, by satisfying the remaining three factors of the analysis, the Court is ultimately unsure that the intervenors have satisfied the interest requirement. As such, the Court will not grant their motion to intervene as a matter of right.

Nonetheless, the Court exercises its discretion and will grant the intervenors' motion to permissively intervene. As discussed above, the Court may permit parties to intervene where their motion is timely and they have

demonstrated some alignment of interest with another party in the outcome of the case. Fed. R. Civ. P. 24(b). The plaintiffs have stipulated that the intervenors' motion is timely. (Pl.'s Resp. Mot. Int. 2).

Thus, the only question remaining is whether the intervenors have demonstrated an interest that satisfies the lower Rule 24(b) requirements. *Bond*, 585 F.3d at 1070. The Court finds that each set of intervenors has such an interest. While, in the eyes of the law, the intervenors may have no greater interest than the average citizen-of-age in the outcome of this case, as a matter of logic, the intervenors are much more likely to run for congressional election and thus have a substantial interest in establishing the boundaries of their congressional districts. In the case of the Republican intervenors, that interest is aligned with the interest of the original defendants in the outcome of this case, while the interest of the Democrat intervenors is aligned with that of the original plaintiffs. In addition to their similar interests, though, the Court also notes that both sets of intervenors have an additional interest in focusing arguments on the issues relating to Act 44, which they do not believe the original defendants have adequately addressed in their filings to date. The Court finds that these interests are strong enough to permit intervention.

The plaintiffs argue that the Court should not permit that intervention, though, because it will open the floodgates and enable many other parties to intervene; the Court does not believe that problem weighs against permitting intervention in this instance. If additional parties move to intervene, their arguments would be subject to the same scrutiny faced by the intervenors: the need to establish an adequate interest. In addition, depending on when they file and the nature of their interests, any additional proposed

intervenors may face objections on the grounds of timeliness and the adequacy of representation of those interests by the existing parties and intervenors. Moreover, such hypothetical intervenors may also find themselves unable to intervene as a matter of right, and would, instead, be left to request to intervene permissively. At the same time, given the Court's broad discretion over whether to grant such motions, the Court will not be *required* to permit intervention by those additional parties. *See, e.g.*, *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011), *City of Herriman v. Bell*, 590 F.3d 1176, 1184 (10th Cir. 2010), *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343–46 (6th Cir. 2007), *South Dakota ex rel. Barnett v. United States Dep't of Interior*, 317 F.3d 783, 787–88 (8th Cir. 2003).

Exercising that discretion, the Court will adequately be able to sort out potential intervenors, allowing some to intervene and requiring that others participate only as *amicus curiae*. In fact, in the prior redistricting case, *Arrington v. Elections Board*, the court allowed Wisconsin's Congress Members and several state representatives to intervene, but required that interest groups such as the African-American Coalition for Empowerment and the Wisconsin Builders Association participate only as *amicus curiae*. (*See, e.g.*, Case No. 01-CV-0121, Docket #113, #194). As the *Arrington* court's decision was ultimately successful in allowing interested parties to participate, while still controlling the tide of potential intervenors, the Court will follow that example.

Embarking on a similar course, the Court exercises its discretion and will grant the intervenors' motions to intervene permissively. Because the Court has already issued a scheduling order setting this case for trial, it

expects the intervenors (and any future intervening parties) to comply with that order (Docket #35).

Accordingly,

IT IS ORDERED that the intervenor-defendants' motion to intervene (Docket #32) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the intervenor-plaintiffs' motion to intervene (Docket #44) be and the same is hereby GRANTED.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge