UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, CINDY BARBERA, RON BOONE, VERA BOONE, EVANJELINA CLEERMAN, SHEILA COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD LANGE, and GLADYS MANZANET<br><br>      Plaintiffs,<br><br>TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND,<br>      Intervenor-Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>      Defendants,<br><br>F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,<br>      Intervenor-Defendants. | Case No. 11-CV-562<br>JPS-DPW-RMD |
| VOCES DE LA FRONTERA, INC., RAMIRO VARA, OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,<br><br>      Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>      Defendants. | Case No. 11-CV-1011<br>JPS-DPW-RMD<br><br><br><br>ORDER |

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

On November 21, 2011, the plaintiffs filed a motion to compel the defendants to disclose the identities of and appropriate contact information for individuals involved in creating and adopting Wisconsin's legislative districts, which are being challenged in this litigation. (Docket #50; Pl.'s Br. Supp. Mot. Comp., ¶ 5).

On a plain reading of the discovery rules, though, the plaintiffs' motion to compel must be denied. In fact, the plaintiffs, themselves, point out that Rule 26(a)(1)(A)(I) requires disclosure of individuals only when "the *disclosing party* may use [those individuals] to support its claims or defenses." (Pl.'s Br. Supp. Mot. Comp., ¶ 2 (citing Fed. R. Civ. P. 26(a)(1)(A)(I) (emphasis supplied by the Court))).

Thus, in the end, despite the fact that the complexities associated with the parties fulfillment of their mutual disclosure obligations portend a bit of a sticky wicket, the current motion is straightforward and readily dispatched. In accordance with Rule 26, at this initial disclosures phase of discovery, the plaintiffs are not entitled to receive information about individuals that the defendants (the "disclosing parties") do not intend to use in supporting their defenses. Fed. R. Civ. P. 26(a)(1)(A)(I); 6 *Moore's Federal Practice* § 26.22(4)(a)(ii) ("The focus is on persons who have information that the disclosing party may use"). Therefore, so long as the defendants do not intend to use undisclosed individuals with knowledge of the creation and passing of the challenged districts, then the plaintiffs are not entitled to that information. Fed. R. Civ. P. 26(a)(1)(A)(I).

The Court takes the defendants at their word that they do not intend to call any individuals sought by the plaintiffs and, therefore, will deny the plaintiffs' motion to compel.

That said, the Court notes that it may find itself later obliged to preclude and/or strike the testimony of any later-named individuals or otherwise sanction the defendants, if the defendants eventually attempt to rely upon individuals who otherwise fall within the category of individuals about whom the plaintiffs now seek disclosure. *See Frazier v. Layne Christensen Co.*, 370 F. Supp. 2d 823, 828 (W.D. Wis. 2005), *vacated in part on other grounds*, 380 F. Supp. 2d 989 (W.D. Wis. 2005); Fed. R. Civ. P. 37(c)(1) (providing the Court the ability to strike or order monetary payments as a result of inappropriate non-disclosure). In *Frazier v. Layne Christensen Co.*, the court struck the testimony of an initially-undisclosed witness that the defendant eventually attempted to use. 370 F. Supp. 2d at 828 (W.D. Wis. 2005). There, the court clarified that, even if a party is not "one-hundred percent sure" that it will use an individual's testimony, it still must disclose the individual if it *may* use that individual's testimony. *Id.* And so, in *Frazier*, because the challenged testimony came from an individual with substantial knowledge of the subject matter of the dispute, the court found it "difficult to comprehend how the defendant could not realize…that [such individuals] might have discoverable information." *Id.* Accordingly, the *Frazier* court struck the later-submitted testimony. *Id.*

Similarly, this Court will not suffer "sandbagging" by either party. If the defendants truly do not believe that they will use individuals in the category the plaintiffs now seek, then Rule 26(a) does not require that they disclose that information. But, should the defendants later supply a laundry-

list of amendments to initial disclosures as the case proceeds, the Court will closely examine the timeliness of any such disclosures to determine whether they should have been made earlier in the pretrial process. The defendants appear to hint that they may make later disclosures of witnesses at will. (Def.'s Resp. Mot. Comp. 7). The Court will not tolerate a party "hiding the ball" until a later stage in the litigation. To be sure, at the request of both parties, this litigation is on an expedited time-table. Therefore, at the risk of stating that which is obvious, delays in the discovery process will create significant logistical issues for everyone associated with the case, including the Court.

Simply put, to best manage this case, the Court will not hesitate to exercise its discretion under Rule 37 to strike future disclosures or award appropriate monetary sanctions should a party's discovery responses be deemed non-compliant or otherwise withheld in bad faith.

Accordingly,

IT IS ORDERED that the plaintiffs' motion to compel disclosure (Docket #50) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge