UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, CINDY BARBERA, RON BOONE, VERA BOONE, EVANJELINA CLEERMAN, SHEILA COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD LANGE, and GLADYS MANZANET<br><br>       Plaintiffs,<br><br>TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND,<br>       Intervenor-Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>       Defendants,<br><br>F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,<br>       Intervenor-Defendants. | Case No. 11-CV-562<br>JPS-DPW-RMD |
| VOCES DE LA FRONTERA, INC., RAMIRO VARA, OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,<br><br>       Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>       Defendants. | Case No. 11-CV-1011<br>JPS-DPW-RMD<br><br><br><br>ORDER |

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

This matter comes before the court on two separate motions (Docket #63, #72) to quash third-party subpoenas issued by plaintiffs to Joseph Handrick and Tad Ottman.

On November 28, 2011, Joseph Handrick was served with a subpoena from the plaintiffs calling for his testimony and production of documents, all related to ongoing pretrial discovery. Mr. Handrick is a lawyer employed with Michael Best & Friedrich, LLP, who was hired by the Wisconsin Legislature ("Legislature") as a consulting expert to provide legal advice related to the development of Wisconsin's redistricting plan, which is now being challenged in this case. In their subpoena, the plaintiffs demand that Mr. Handrick: (1) produce "any and all documents used by you or members of the Legislature to draw the 2011 redistricting maps"; and (2) appear for a deposition on December 1, 2011. (Docket #64, Ex. 1).

Several days later, on December 4, 2011, Tad Ottman, a legislative aide to Wisconsin State Senate Majority Leader Scott L. Fitzgerald, was served with a subpoena by the plaintiffs. That subpoena requested: (1) "any and all documents, electronically stored information, and tangible things used by you or members of the Legislature to draw the 2011 redistricting maps"; and (2) that Mr. Ottman appear for a deposition on December 7, 2011.

The Wisconsin Assembly and Senate (the "non-parties") have moved to quash both Mr. Handrick's and Mr. Ottman's respective subpoenas. Having received the plaintiffs' brief opposing the non-parties' motion to quash Mr. Handrick's subpoena, the Court believes it has received sufficient

briefing to render its decision on both of the non-parties' motions. For the reasons which follow, the non-parties' motions to quash will be denied.

The information the plaintiffs seek from both Mr. Handrick and Mr. Ottman is relevant. In this case, the plaintiffs make claims under both the Voting Rights Act and the Equal Protection Clause. (*See* Docket #12). And, as the plaintiffs correctly point out, proof of a legislative body's discriminatory intent is relevant and extremely important as direct evidence in both types of claims. (Pl.'s Br. Opp. Mot. Quash, 2–3 (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66 (1977), *Comm. for a Fair & Balanced Map v. Ill. State Bd. of Elections*, No. 11-CV-5065, 2011 U.S. Dist. LEXIS 117656, at *11 (N.D. Ill. Oct. 12, 2011))). Thus, any documents or testimony relating to how the Legislature reached its decision on the 2011 redistricting maps are relevant to the plaintiffs' claims as proof of discriminatory intent.

From the record before the court, it is apparent that attorney-client privilege has no application to the communications between the Legislature and Mr. Handrick. To be sure, the attorney-client privilege protects communications made from a client to an attorney who is acting as an attorney, but does not cover communications seeking only consulting service. *See Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2009), *In re Grand Jury Proc.*, 220 F.3d 568, 571 (7th Cir. 2000). Despite Mr. Handrick's being a lawyer, the defendants state that he performed consulting work in connection with the redistricting legislation. (Defs.' Mot. Quash Handrick, 2) (stating "Handrick provided consulting services in connection with the undersigned firm's representation of the State Senate and State Assembly."). Because, as the defendants acknowledge, Mr. Handrick acted as a consultant,

the Court finds that his communications are not covered by attorney-client privilege.

Similarly, legislative privilege does not protect any documents or other items that were used by the Legislature in developing the redistricting plan. First, and most importantly, the Court finds it all but disingenuous for the Legislature to argue that these items be subject to privilege in a Court proceeding determining the constitutionality of the Legislature's actions, when the Legislature clearly did not concern itself with maintaining that privilege when it hired outside consultants to help develop its plans. The Legislature has waived its legislative privilege to the extent that it relied on such outside experts for consulting services. *Comm. for a Fair & Balanced Map*, 2011 U.S. Dist. LEXIS 117656, at *35. And, even without that waiver, the Court would still find that legislative privilege does not apply in this case. Legislative privilege is a qualified privilege that can be overcome by a showing of need. *Id.*, at *24–*25. Allowing the plaintiffs access to these items may have some minimal future "chilling effect" on the Legislature, but that fact is outweighed by the highly relevant and potentially unique nature of the evidence. *Id.*, at *25–*26. Additionally, given the serious nature of the issues in this case and the government's role in crafting the challenged redistricting plans, the Court finds that legislative privilege simply does not apply to the documents and other items the plaintiffs seek in the subpoenas they have issued. *Id.*

The remainder of the non-parties' arguments, all of which are procedural, fail or can easily be cured. As the plaintiffs correctly note, Mr. Handrick was not employed by a *party* to this case, but instead by the Legislature, and he is, therefore, not excused from testifying under Rule

26(b)(4)(D). Fed. R. Civ. P. 26(b)(4)(D) (limiting a party's ability to depose "an expert who has been retained or specifically employed by another party in anticipation of litigation... ").

Next, while the initial subpoenas provided a potentially-inadequate time to comply under Rule 45(c)(2)(B), that problem has been substantially cured by the Court's delay while awaiting briefs. Having missed both requested deposition dates, the plaintiffs will now have to reschedule those depositions for a later time. Given the expedited schedule in this case, it is important for the parties to have a shortened turnaround between the issuance of a subpoena and the requested date for production and deposition. The Court notes that three days may be an excessively quick turnaround, however, in the future—except in an extraordinary circumstance—it will not find a *five-day* compliance interim to be unreasonable. The Court also adds that it is apparent that the Legislature has had a hand in causing the three-day interims by apparently refusing to accept service on behalf of its staff and consultants. Considering the need for a quick turnaround in this case, the Court fully expects that the Legislature and its staff, consultants, and members, will cooperate with the efforts of the Court and the parties to expeditiously complete discovery.

Finally, the plaintiffs' overly-broad production requests and failure to include a recording method may easily be cured. Perhaps as a result of oversight, the plaintiffs may have omitted phrases limiting their discovery requests to documents in Mr. Handrick's and Mr. Ottman's "possession, custody, or control." Accordingly, the Court would suggest that they modify their subpoenas so as to limit their requests and, at the same time, modify the subpoenas to specify the recording method for taking depositions.

Provided the plaintiffs make those changes, the Court finds no reason to quash the subpoenas the plaintiffs have issued to Mr. Handrick and Mr. Ottman. Therefore, the non-parties' motions to quash will be denied.

The Court also recommends that all parties (and non-parties) who consider filing motions to quash read very carefully *Committee for a Fair & Balanced Map*, which the Court has cited extensively in this order. The opinion and order in that case addresses head-on many of the issues raised by the non-parties in their motions to quash. Had the non-parties been aware of that case, perhaps they would not have filed their motions to quash or may have tailored their arguments more effectively. Thus, in this instance the Court will not grant costs and attorneys' fees to the plaintiffs for their defense against these motions.

However, having now brought that case to the non-parties' attention, it should go without saying that the Court will not hesitate to award costs together with actual attorneys' fees related to defending future motions to quash, if the Court deems those motions frivolous or otherwise made in bad faith.

Accordingly,

IT IS ORDERED that the non-party movants' motion to quash the plaintiffs' subpoena issued to Joseph Handrick (Docket #63) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the non-party movants' motion to quash the plaintiffs' subpoena issued to Tad Ottman (Docket #72) be and the same is hereby DENIED, and

IT IS FURTHER ORDERED that the plaintiffs shall redraft and reissue subpoenas to Joseph Handrick and Tad Ottman which correct any issues related to the overbreadth or recording method attendant to their discovery requests.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge