# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, CINDY BARBERA, RON BOONE, VERA BOONE, EVANJELINA CLEERMAN, SHEILA COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD LANGE, and GLADYS MANZANET,   Plaintiffs,<br><br>TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND,   Intervenor-Plaintiffs,<br><br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,   Defendants,<br><br>F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,   Intervenor-Defendants. | Case No. 11-CV-562<br>JPS-DPW-RMD |
| VOCES DE LA FRONTERA, INC., RAMIRO VARA, OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,   Plaintiffs,<br><br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,   Defendants. | Case No. 11-CV-1011<br>JPS-DPW-RMD<br><br>ORDER |

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

The Wisconsin State Assembly and Senate ("the Legislature") moved this Court, on December 13, 2011, to clarify its prior December 8, 2011 Order, which denied the Legislature's motion to quash the plaintiffs' subpoena of Mr. Joseph Handrick. (Docket #63, #74, #77). In seeking clarification, the Legislature points out that Mr. Handrick is not an attorney; the Court had misidentified Mr. Handrick as an attorney in its December 8, 2011 Order. (Docket #74). In fact, Mr. Handrick is a "Government Relations Specialist," working for the law firm Reinhart Boerner Van Deuren, S.C. ("Reinhart"), who was hired by the Legislature through the law firm Michael Best & Friedrich, LLP ("Michael Best"), which acts as outside counsel to the Legislature. (Docket #77). While the Court appreciates having the benefit of this clarification, it does not change the Court's analysis. Privilege does not protect Mr. Handrick, items he possesses, or discussions he had with the Legislature's outside counsel, from the plaintiffs' discovery request.

In their motion to clarify, perhaps better described as a motion for reconsideration, the Legislature argues that the Court incorrectly denied Mr. Handrick's entitlement to privilege. First, the Legislature argues that Michael Best retained Mr. Handrick in anticipation of litigation, and thus his opinions and conclusions should be considered work product. (Non-Parties' Mot. to Clarify, 3 (citing *Marylanders for Fair Representation v. Schaefer*, 144 F.R.D. 292, 303 (D. Md. 1992))). Next, the Legislature argues that any of Mr. Handrick's communications with the Legislature's outside counsel is privileged (Non-

Parties' Mot. to Clarify, 3-4 (citing *Estate of Chopper v. R. J. Reynolds Tobacco Co.*, 195 F.R.D. 648, 651–52 (N.D. Iowa 2000))).

There are several issues that the Court looks to in resolving these competing matters. First, the Court finds that Mr. Handrick was consulted by the Legislature independently and, therefore, the attorney-client privilege does not apply. "Where a client consults an expert independently, then [attorney-client] privilege will not apply." *Marylanders*, 144 F.R.D. at 303. The Court finds that the Legislature hired Mr. Handrick and, therefore, consulted him independently, as opposed to Michael Best having consulted him. In the engagement letter sent by Reinhart to Michael Best, Reinhart states that it is the firm's understanding that Mr. Handrick's "clients are the Wisconsin State Senate . . . and State Assembly." (Docket #78, Ex. 2). And, in an email sent to Reinhart, Michael Best acknowledges that "the sole responsibility for payment of amounts due to you rests with the Client [the Legislature]." (Docket #78, Ex. 1). So, in fact, the Legislature—with the benefit of taxpayer money—hired Mr. Handrick and paid him $5,000 per month for his services. (Docket #78, Ex. 2). The Legislature may not shield the opinions and conclusions of an individual hired with taxpayer money, simply by funneling the hiring of that individual through outside counsel. If the Legislature was the client paying Mr. Handrick—a non-lawyer—then his opinions and conclusions are not subject to any work-product or attorney-client privilege. *See Marylanders*, 144 F.R.D. at 303. As such, having found the Legislature to be Mr. Handrick's client, the Court finds that attorney-client privilege does not apply to Mr. Handrick's opinions and conclusions.

Next, the Court concludes that Mr. Handrick's work-product is not privileged. If the Legislature did not retain Mr. Handrick in anticipation of litigation, then his work-product is not privileged. *Id.* While the Legislature may have reasonably believed that litigation would result from its redistricting efforts, the Court declines to hold that Mr. Handrick's work-product is privileged. To do so would be a slap in the face to Wisconsin's citizens: essentially, the Court would be saying that the Legislature could shield all of its actions from any discovery. The Legislature could *always* have a reasonable belief that *any* of its enactments would result in litigation. That is the nature of the legislative process: it often involves contentious issues that the public may challenge as being unconstitutional. As such, if the Legislature wished to obscure its legislative actions from the public eye then, conceivably, all it would need to do would be to retain counsel or other agent that it termed to be "in anticipation of litigation." The Court is unwilling to travel that road, for it would "be both unseemly and a misuse of public assets" to permit an individual hired with taxpayer money "to conceal from the taxpayers themselves otherwise admissible evidence" of allegedly unconstitutional motives affecting their voting rights. *See In re Witness Before the Special Grand Jury 2000-2*, 288 F.3d 289, 293 (7th Cir. 2002) (discussing a state lawyer's refusal to discuss an officeholder's wrongdoing in a criminal case; while the comparison of Mr. Handrick to a state lawyer is not exact, the Court finds it close enough to reach the seed of the court's concern in *In Re Witness*). Thus, the Court relies on a principle widely accepted in insurance law (another context in which litigation could reasonably be anticipated at nearly any point): "[m]aterials prepared in the ordinary course of a party's

business,"—here, the Legislature enacting laws—"even if prepared at a time when litigation was reasonably anticipated, are not work product." *Continental Cas. Co. v. Marsh*, No.01-0160, 2004 WL 42364, at *8 (N.D. Ill. Jan. 6, 2004) (citing *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 661 (S.D. Ind. 1991)); *see also Dawson v. New York Life Ins. Co*, 901 F.Supp. 1362 (N.D. Ill. 1995), *Sec. Exch. Comm'n v. Credit Bancorp, Ltd.*, No. 99-CIV-113951RWS, 2002 WL 59418, at *2 (S.D.N.Y. Jan. 16, 2002). Because the Legislature can always anticipate litigation, and the Court will not act to conceal the Legislature's actions from the public, the Court finds that Mr. Handrick's work product is not protected by privilege.

Finally, the Court finds that privilege does not afford protection to Mr. Handrick's communications with the Legislature's outside counsel. The Legislature argues that Mr. Handrick's communications with Michael Best are not discoverable. (Non-Parties' Mot. to Clarify, 3–4 (citing *Estate of Chopper*, 195 F.R.D. at 651–52)). As a threshold matter, the Court notes that the case cited by the Legislature for the very broad assertion that Mr. Handrick's communications with outside counsel are privileged is but marginally applicable to the case at hand. The case cited by the Legislature deals only with work product given by a party's attorneys to an expert retained in preparation of litigation. *Estate of Chopper*, 195 F.R.D. at 650–51. Thus, there are two incongruities between *Estate of Chopper* and the case at hand: (1) here, the asserted privilege would cover the work product of a non-party's attorneys, as opposed to a party's attorneys; and (2) as discussed above, the Court has found that Mr. Handrick was not retained in anticipation of litigation. Further, the Legislature relies on *Estate of*

*Chopper*—a case decided by a district court of the Eighth Circuit—for a contention that has been resolved in an opposite way by one of the Seventh Circuit's own district courts: in *Karn v. Ingersoll-Rand Co.*, our sister court held that Rule 26(a)(2) "trumps" any assertion of work product or privilege, and thus "'all materials given to an expert should be disclosed.'" *Compare Karn v. Ingersoll-Rand Co.*, 168 F.R.D. 633, 639 (N.D. Ind. 1996) (citing Michael E. Plunkett, *Discoverability of Attorney Work Product Reviewed by Expert Witnesses: Have the 1993 Revisions to the Federal Rules of Civil Procedure Changed Anything?*, 69 Temple L.Rev. 451, 479 (1996)), *with Estate of Chopper*, 195 F.R.D. at 651–52 (decision of Northern District of Iowa, a district court in the Eighth Circuit). Thus, to the limited extent *Estate of Chopper* may apply to this case, there is contrary—and undisclosed—case law that exists in this Circuit that the Court finds more persuasive.

Going even further, a district court in this Circuit has held that "documents concerning 'advice on political, strategic or policy issues…would not be shielded from disclosure by the attorney-client privilege.'" *Evans v. City of Chicago*, 231 F.R.D. 302, 312 (N.D. Ill. 2005) (citing *In re Lindsey*, 148 F.3d 1100, 1106 (D.C. Cir. 1998), *Republican Party of North Carolina v. Martin*, 136 F.R.D. 421, 426 (E.D.N.C. 1991)). So, even if *Estate of Chopper* did apply, it does not appear to cover any documents passed between Mr. Handrick and the Legislature's outside counsel that concerned advice on political, strategic, or policy issues. Considering Mr. Handrick's lack of any legal qualifications, the Court is unsure why he would be offered any documents other than those containing such advice.

All told, the Legislature has presented no compelling legal reason why the discussions between Mr. Handrick and Michael Best's attorneys should be privileged. Likewise, in the Court's own research, it has not identified any reason to extend privilege to that information. Accordingly, the Court holds that privilege does not protect the communications between Mr. Handrick and outside counsel hired by the Legislature.

One additional factor also supports the Court's ultimate conclusion that no privilege applies to protect Mr. Handrick, his opinion and conclusion, or his communications with the state's outside counsel. "Certainly, if…[a consulting expert] was an active participant in the events which form the subject matter of this litigation, they are entitled to whatever discovery of him they may deem appropriate." *Marylanders*, 144 F.R.D. at 303. While the Court remains uncertain of the full extent to which Mr. Handrick participated in development of the redistricting legislation that underlies this litigation, evidence seems to make clear that he participated as a lobbyist and was thus an active participant in the redistricting. Mr. Handrick does not have a law degree or any degree in political science or statistics; his only qualifications appear to be his prior service as a member of the State Assembly. As such, the Court finds it likely that Mr. Handrick was an active lobbying participant in the redistricting, entitling the plaintiffs to whatever discovery of him they may deem appropriate under the rules of evidence. *Id.*

Accordingly,

IT IS ORDERED that the motion of the Wisconsin State Assembly and the Wisconsin State Senate to clarify (Docket #77) be and the same is GRANTED in part, to clarify the fact that Mr. Handrick is not an attorney and is employed by Reinhart Boerner Van Deuren, S.C.;

IT IS FURTHER ORDERED that the motion of the Wisconsin State Assembly and the Wisconsin State Senate to clarify (Docket #77) be and the same is DENIED in part, to the extent that those parties seek application of privilege to shield Mr. Handrick from discovery; as discussed above, privilege does not apply to Mr. Handrick, his work product, or his discussions with the outside counsel of the State Assembly and State Senate.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge