| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, CINDY BARBERA, RON BOONE, VERA BOONE, EVANJELINA CLEERMAN, SHEILA COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD LANGE, and GLADYS MANZANET<br><br>                      Plaintiffs,<br><br>TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND,<br>                      Intervenor-Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>                      Defendants,<br><br>F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,<br>                      Intervenor-Defendants. | Case No. 11-CV-562<br>JPS-DPW-RMD |
| VOCES DE LA FRONTERA, INC., RAMIRO VARA, OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,<br><br>                      Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>                      Defendants. | Case No. 11-CV-1011<br>JPS-DPW-RMD<br><br><br>ORDER |

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

Quite clearly, the Wisconsin State Senate and Wisconsin State Assembly (collectively, "the Legislature") and its attorneys are none too pleased with this three-judge Court's prior orders, filed on December 8, 2011, and December 20, 2011, respectively. By those orders, this Court twice held that neither Joe Handrick, a lobbyist hired by the Legislature to assist in preparing the redistricting plan now challenged in this case, nor documents in his possession are protected by legislative privilege, attorney-client privilege, or work product privilege. (Docket #74, #82). The Legislature's dissatisfaction with the Court's prior decisions is clear from its refusal to comply with those orders. (*See* Pl.'s Resp. Mot. Rev. by Three-Judge Ct. 3 (citing Poland Decl., Docket #89, ¶¶ 11, 15, 18)). Rather than comply, the Legislature has all but declined to cooperate with the plaintiffs' reasonable discovery efforts. (*See* Pl.'s Resp. Mot. Rev. by Three-Judge Ct. 3 (citing Poland Decl., Docket #89, ¶¶ 11, 15, 18)). And, now, the Legislature again reaffirms its displeasure by filing a "Motion for Review by Three-Judge Court" of the Court's two prior orders. (Docket #84).

But this new motion—in reality, the Legislature's second collateral attack on the wisdom of the Court's prior orders in as many weeks—is completely devoid of merit. In the Court's eyes, this motion is nothing more than a third bite at an apple that the Court has twice explained is a bitter one to chew. In reality, the Court can deny the Legislature's motion without reaching its merits; but, even quickly reaching the merits, it is clear that the Legislature's motion fails. And, thus—*for the third time*—this Court rules that neither Mr. Handrick nor the documents he holds are protected by privilege.

But, this time, beyond once again directing that the Legislature comply with the Court's orders as related to discovery, the Court goes further, by sanctioning the Legislature's attorneys.

Beginning with procedure, perhaps the simplest issue of all, the Court finds that the Legislature is not entitled to a review of the Court's prior orders. Simply put, the Legislature's motion is a non-starter, as the Legislature is not entitled to "review by a three-judge panel" when the Court's prior decisions on the same issue were decided by the same three-judge panel. Under 28 U.S.C. § 2284(b)(3), "[a]ny action of a *single judge* may be reviewed by the full court at any time before the final judgment." 28 U.S.C. § 2284(b)(3) (emphasis supplied). In other words, it is only when a single judge enters an order that such order may become the subject of review by the three-judge panel.

Thus, here, where the three-judge panel *twice* considered the Legislature's arguments and entered orders denying their motions, any further three-judge review is inappropriate. To clarify, if perhaps the Legislature's lawyer's failed to read or understand the Court's prior orders entered under the heading "Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*," the full Court considered the arguments of the parties, conferred and agreed upon an appropriate resolution, and entered both challenged orders accordingly. (*Compare* Docket #74, #82, *with* Docket #35).[1] In the interest of fairness, the full Court has

---

[1] The challenged orders appear under the same heading as the scheduling order. All three judges appeared and participated in the scheduling conference that produced the scheduling order, clearly indicating that the Court means what it says in its orders: when the matter is "before" those three judges, it truly is before all three judges.

participated in the consideration and review of the subject of each order; yet, the full three-judge Court concluded that it would be most expeditious for Judge Stadtmueller to serve as the signatory on each order. That practice will continue throughout pendency of the case. Thus, there is no good reason why any reasonable person, much less a lawyer, ought to have found themselves confused about the non-applicability of 28 U.S.C. § 2284(b)(3), noting that counsel for the Legislature could have easily contacted the chambers of any one of the three judge's chambers to clarify the issue, rather than resorting to filing a motion, together with a 22-page brief and a declaration which the plaintiffs and the Court now find themselves obliged to address. Despite the Legislature's arguments that it was justified in believing that the three-judge Court's prior order were issued by a single judge (Leg. Reply in Supp. Mot. for Reconsid. 2–3), a much simpler path to clarification existed than that ultimately taken by the Legislature. Surely, all involved could have been readily spared the substantial time and effort in dealing with what the Court now concludes to be a frivolous motion.

But it does not end there, for even upon close examination of the merits of the Legislature's arguments, it is also equally clear that the motion is frivolous and similarly must be denied. Indeed, the arguments advanced by the Legislature more than suggest that it wishes to have its cake and eat it too. Specifically, the Legislature argues that Mr. Handrick is—seemingly simultaneously and interchangeably, adapting to whatever the situation might call for so as to avoid the disclosure this three-judge panel has already twice commanded—at once a quasi-employee of the Legislature (Leg. Br. in Supp. Mot. for Reconsid. 19 & n.7 (calling Mr. Handrick "effectively a short-term legislative staffer")) and not an employee of the Legislature (*Id.* at 3, 11

(calling Mr. Handrick a "consulting expert")). Moreover, the Legislature further argues that a case it first brought to the Court's attention is without precedential authority (*Id.* at 10 (citing *Marylanders for Fair Representation v. Schaefer*, 144 F.R.D. 292 (D. Md. 1992))), despite having cited to the case for an intertwined contention in its prior motion (Docket #77, at 3 (citing same)). The Court could go on with the Legislature's internally-inconsistent flip-flopping and hair-splitting, including the acknowledgment of Mr. Handrick's serving as a lobbyist but arguing he did not act as one when hired by the Legislature (Leg. Br. in Supp. Mot. for Reconsid. 11, 19 & n.7), to their insistence that certain parts of the legislative process are open to the public while others are not (*Id.* at 18–19 (drawing a distinction between the private drafting process and public deliberations that follow, despite the fact that—typically—records of the drafting process are open to the public in the form of legislative history)), or displeasure at the Court's "blanket, sight-unseen" pronouncement that privilege does not apply (*Id.* at 11) when they themselves request blanket application of privilege to documents they have elected not to produce (*see, e.g.*, Docket #63, #64, #76, #77). Suffice it to say, the Court is quite aware of the distinctions that the Legislature points out. Despite those distinctions, the Court's previous rulings stand: the Legislature has taken action that affects the voting rights of Wisconsin's citizens and now attempts to cloak the record of that action behind a charade masking as privilege.

Moreover, the Legislature continues to obfuscate the true facts of Mr. Handrick's involvement by selectively adding to the facts and arguments earlier presented to the Court, while at the same time suggesting that the Court based its prior decisions on erroneous or incomplete law and facts (*see*

*generally* Leg. Br. in Supp. Mot. for Reconsid.). Yet, again, the Legislature has declined to provide sufficient facts, much less legal precedent, for the Court to even understand Mr. Handrick's role in the redistricting process—let alone offer any good reason as to why he should be covered by any privilege. (*See, e.g.*, *Id.* at 11–12 (taking issue with the Court's "conjecture" that documents supplied to Mr. Handrick likely did not contain legal advice, but failing to provide the Court with *any* citation to evidence that would establish Mr. Handrick's "specialized skill set" or recognition as an "expert in redistricting map drawing")). With this motion, as with its prior "Motion for Clarification" (Docket #76, #77), the Legislature provides the Court with new facts and additional legal arguments. (*Compare* Docket #64, *with* Docket #77, *with* Docket #85, *with* Docket #94 (each new iteration clarifying new facts and adding new legal arguments)). Over the course of three motions, the Legislature has cited increasingly diverse law, at times later taking issue with the very law they cited previously. (*See, e.g.*, Leg. Br. in Supp. Mot. for Reconsid. at 10 (taking issue with *Marylanders for Fair Representation*, 144 F.R.D. 292, despite having cited to it in its prior motion (Docket #77, at 3))). They have also slowly provided the Court with additional facts related to Mr. Handrick's involvement in the redistricting process. (*Compare* Docket #64, *with* Docket #77, *with* Docket #85, *with* Docket #94). Yet none of these additional facts or arguments provide the Court with a cohesive understanding of Mr. Handrick's role in the process including a cogent factual and legal analysis detailing in very precise terms the who, what, when, where, how, and why supporting its argument that Mr. Handrick or his documents should be shielded from discovery.

Quite frankly, the Legislature and the actions of its counsel give every appearance of flailing wildly in a desperate attempt to hide from both the Court and the public the true nature of exactly what transpired in the redistricting process. Having argued three times that much of the information regarding the process be shielded from discovery, the Legislature has made clear its intention not to make such information publicly available. Regardless of whether the Legislature has objected on grounds of privilege eleven times or forty-five times (*Compare* Leg. Reply in Supp. Mot. for Reconsid. 4 *with* Pl.'s Resp. Opp. Mot. for Reconsid. 7), and regardless of whether the Legislature claims privilege over the communications of two people or the communications of ten people (*Compare* Leg. Reply in Supp. Mot. for Reconsid. 4 *with* Pl.'s Resp. Opp. Mot. for Reconsid. 11), the fact does not change that the Legislature has continued its path of opposition to the plaintiffs' discovery efforts by claiming privilege at multiple turns. Those argued privileges, though, exist in derogation of the truth. *See, e.g.*, *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000); *see also Jaffee v. Redmond*, 518 U.S. 1, 9 (1996) (citing *United States v. Bryan*, 339 U.S. 323, 331 (1950), *United States v. Nixon*, 418 U.S. 683, 709 (1974), *Trammel v. United States*, 445 U.S. 40, 50 (1980), and *Elkins v. United States*, 364 U.S. 206, 234 (1960), all for the principle that privileges are generally disfavored and justified only by grand public goods). And the truth here—regardless of whether the Court ultimately finds the redistricting plan unconstitutional—is extremely important to the public, whose political rights stand significantly affected by the efforts of the Legislature. On the other hand, no public good suffers by the denial of privilege in this case. Thus, as it has already done

twice, the three-judge panel again declines to hold that Mr. Handrick or any of his documents are entitled to any of the privileges being asserted.

Accordingly, the Legislature's motion for reconsideration by the three-judge panel (Docket #84) must also be denied on its merits.

Turning to an issue raised by the plaintiffs, this Court determines that—in the interest of ensuring the expeditious compliance with future discovery in this case—it must now sanction the Legislature's attorneys and make clear its directives in conjunction with ongoing discovery. In prior orders, this Court has urged counsel to cooperate with one another (*see, e.g.*, Docket #25 at 7 & n.1, Docket #61 at 3–4) in bringing this case to a swift conclusion (*see, e.g.*, Docket #61 at 3–4, Docket #74 at 5), given the need for its expeditious resolution (*see, e.g.*, Docket #61 at 3–4, Docket #74 at 5). In fact, the State of Wisconsin requested that the Court place this case on an accelerated track, with the expectation that the Court would reach its decision in sufficient time to allow for the proper planning and execution of Wisconsin's upcoming primary elections. In consideration of those matters, the Court has warned those involved that the filing of frivolous motions to quash would result in imposition of fees against the filing party. (Docket #74 at 6). While the Court never specifically addressed whether it would impose fees and sanctions in situations such as the matter now before the court, the tenor of the Court's warnings has been clear and stern from the outset: it will not suffer the sort of disinformation, foot-dragging, and obfuscation now being engaged in by Wisconsin's elected officials and/or their attorneys.

As such, the Court finds it appropriate to impose sanctions in this instance. However, mindful of the fact that the state's taxpayers would ultimately bear the cost of such sanctions, the Court will order that the

Page 8 of 11

Case 2:11-cv-00562-JPS-DPW-RMD    Filed 01/03/12    Page 8 of 11    Document 104

Legislature's attorneys, Eric M. McLeod, Joseph L. Olson, Aaron H. Kastens, and Michael Best & Friedrich LLP—those ultimately responsible for the sand-bagging, hide-the-ball trial tactics that continue to be employed—jointly and severally, make payment to plaintiffs' counsel in the form of an award of attorneys fees and costs as a sanction by the Court. As such, the Legislature's attorneys shall be responsible for payment of the reasonable and necessary attorneys' fees and costs incurred by the plaintiffs in responding to both this motion (Docket #84), as well as the Legislature's prior motion for clarification (Docket #63). In assessing reasonable and necessary attorneys' fees and costs, the court invokes the authority to impose sanctions in the form of reasonable and necessary attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) for failure to comply with the Court's two prior orders (Docket #74, #82). To insure timely compliance with the Court's sanction order, plaintiffs' counsel shall prepare and file with the court, not later than seven (7) calendar days from today's date, an itemized statement of actual, reasonable and necessary attorneys' fees and costs associated with their responses to both this motion (Docket #84) and the prior motion (Docket #63). Absent any challenge as to necessity or reasonableness, the amount sought shall be paid in full by the Legislature's counsel, Eric M. McLeod, Joseph L. Olson, Aaron H. Kastens, and Michael, Best & Friedrich LLP, jointly and severally, within ten (10) days thereafter.

Finally, given the Legislature's refusal to adequately cooperate in the discovery process, despite the Court's having twice denied their requests for privilege, the Court reaffirms its earlier directive: *cooperate immediately*. Neither this Court, the parties in the case, nor Wisconsin's citizens have the interest or time to endure the litigation tactics being used by public officials

or their private counsel in what has quickly become a poorly disguised attempt to cover up a process that should have been public from the outset, despite the Legislature's concerted efforts to mask the process behind the closed doors of a private law firm. To remedy this regrettable situation, the Court grants the plaintiffs' requests to reconvene the depositions of Mr. Handrick, as well as Tad Ottman and Adam Foltz, with the specific directive that those individuals comply with each of the Court's successive orders, including today's order, denying privilege. (Docket #74, #82). Those individuals shall produce documents in their possession that have been requested by the plaintiffs and answer those questions put to them.[2] At the same time, any future costs related to ensuring that these individuals comply with this Court's orders similarly shall be borne by the Legislature's attorneys.

Accordingly,

IT IS ORDERED that the motion of the Wisconsin State Senate and the Wisconsin State Assembly for reconsideration by a three-judge panel (Docket #84) be and the same is hereby DENIED;

---

[2]The defendants, members of Wisconsin's Government Accountability Board, have filed several documents taking issue with a number of the plaintiffs' filings. (Docket #91, #97). In these documents, the defendants argue that the plaintiffs are "dragging the defendants… into the middle of" a discovery between the plaintiffs and the Legislature. (Def.'s Reply Mot. for Reconsid. 4). Simply put, the defendants are wrong: the plaintiffs have not dragged the defendants into anything. The defendants, on the other hand, by filing these documents, have willingly inserted themselves into a dispute that the Court has never viewed them as being part of. Thus, any issues related to privilege arising from Mr. Handrick's current assistance to Reinhart, Boerner, Van Dueren, S.C. in connection with pretrial preparation on behalf of the defendants are not before the Court and, therefore, not addressed in today's Order.

IT IS FURTHER ORDERED that the attorneys for the Wisconsin State Senate and Wisconsin State Assembly, Eric M. McLeod, Joseph L. Olson, Aaron H. Kastens, and Michael Best & Friedrich LLP, jointly and severally, shall remit to plaintiffs' counsel, as a sanction by the Court, the actual reasonable and necessary attorneys' fees and costs incurred by the plaintiffs in responding to the motions of the Wisconsin State Senate and Wisconsin State Assembly for clarification (Docket #63) and reconsideration (Docket #84), and that an itemization of such fees and costs be filed with the court within seven (7) calendar days from the date of this order and, absent any challenge as to necessity or reasonableness, said amount be remitted to plaintiffs' counsel within ten (10) days thereafter;

IT IS FURTHER ORDERED that Messrs. Joseph Handrick, Tad Ottman, and Adam Foltz shall appear before the plaintiffs for a deposition, with the specific directive that they comply with this Court's prior orders requiring disclosure of documents and denying application of privilege; and

IT IS FURTHER ORDERED that the attorneys for the Wisconsin State Senate and Wisconsin State Assembly, Eric M. McLeod, Joseph L. Olson, Aaron H. Kastens, and Michael Best & Friedrich LLP, jointly and severally, shall pay to plaintiffs any additional attorneys' fees and costs incurred by the plaintiffs in ensuring compliance with the Court's orders relating to the depositions of Messrs. Handrick, Ottman, and Foltz.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge