UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, CINDY BARBERA, RON BOONE, VERA BOONE, EVANJELINA CLEERMAN, SHEILA COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD LANGE, and GLADYS MANZANET<br><br>Plaintiffs,<br><br>TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND,<br>Intervenor-Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>Defendants,<br><br>F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,<br>Intervenor-Defendants. | Case No. 11-CV-562<br>JPS-DPW-RMD |
| VOCES DE LA FRONTERA, INC., RAMIRO VARA, OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,<br><br>Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>Defendants. | Case No. 11-CV-1011<br>JPS-DPW-RMD<br><br><br>ORDER |

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

Yesterday, the Court received a letter from Eric McLeod, an attorney for the Wisconsin Legislature (the Legislature), informing the Court of yet another dispute between the parties over the privilege of certain documents. (Docket #132). This iteration involves eighty-four documents, primarily email correspondence, in the possession of Tad Ottman and Adam Foltz (staff members for Wisconsin Senate Majority Leader Scott Fitzgerald and Speaker Jeff Fitzgerald, respectively). In his letter to the Court, Mr. McLeod requests that the Court assign the privilege dispute to a magistrate judge for decision. (Docket #132). Attorneys for the plaintiffs have agreed to such an arrangement. (Docket #132 and Exs.). On the other hand, the consolidated-plaintiffs, through Attorney Peter Earle, have objected to the Court's entertaining any further disputes on matters of privilege related to Mr. Ottman or Mr. Foltz, arguing that the Court's three prior rulings on privilege definitively determined that privilege does not apply to those individuals or items in their possession. (Docket #134).

While the Court has certainly already considered a fair share of privilege issues in this case, it disagrees with the consolidated-plaintiffs' assessment and believes that the matter should be addressed. The consolidated-plaintiffs' view of this matter is too simplistic: the Court's prior orders were somewhat limited in scope, never specifically addressing the eighty-four documents now in dispute, and, as such, the Court is obliged to—yet again—jump into the fray to facilitate a resolution in what is alleged to be another attempt by the Legislature to dodge disclosure.

However, contrary to the Legislature's request, the Court itself, by the three-judge panel, will address these matters. Having considered whether to refer this matter to a magistrate judge, the Court has concluded that doing so would be less expeditious than deciding the matters on its own. To begin, this district's magistrate judges have a very full case load, and would have difficulty expending further time on this rather complex matter on such short notice. Moreover, a magistrate judge would be obliged to make a substantial time commitment to reach a sufficient level of background knowledge of this case in order to make an informed decision on the privilege matter at issue. On the other hand, the Court is fully aware of its prior rulings and the remainder of the procedural history of the case. Thus, the three-judge panel will, in fact, be able to bring this dispute to a more rapid resolution than would a magistrate judge.

Therefore, to facilitate the most expeditious resolution of the matter, the Court will put in place an extremely abbreviated schedule for submission of briefs and supporting materials by counsel for both the Legislature and the plaintiffs. We are now at the eve of trial, and the Court will have no part of these loose ends dangling any longer.

Accordingly, to the extent that the Legislature and plaintiffs are unable to otherwise resolve these privilege disputes amongst themselves (and the Court holds out hope that cooler heads will prevail, despite the Legislature's track record as reflected in the Court's prior orders), the Legislature must conventionally file with this Court under seal unredacted copies of any documents which remain in dispute. This conventional filing of documents under seal must be made directly with the Clerk of the Court not later than 4:30 p.m., today, February 14, 2012. Counsel for the Legislature

shall also electronically file a memorandum, including any attachments, outlining its argument in support of the application of any claimed privilege as to such documents. The Legislature's electronic submission must be filed not later than 6:30 p.m., today, February 14, 2012, and should specifically address the ways in which this claim of privilege differs from the claims rejected by the Court in its prior orders. The Legislature must submit these materials for conventional filing under seal not later than 4:30 p.m. today, February 14, 2012. The plaintiffs shall electronically file a response to the Legislature's submission not later than 9:00 a.m. tomorrow, February 15, 2012. The consolidated-plaintiffs may also file a response to the Legislature's arguments, though they may wish to stand upon the arguments submitted to the Court in their prior-referenced letter (Docket #134); should they wish to submit a further memorandum, they must do so not later than 9:00 a.m. tomorrow, February 15, 2012.

Accordingly,

IT IS ORDERED that, not later than 4:30 p.m. today, February 14, 2012, the Legislature shall file with this Court sealed and unredacted copies of all documents over which they dispute the application of privilege; such filing must be in accordance with the requirements of the Court's Electronic Case Filing Policy and Procedures Manual, Part III, Conventional Filing of Documents at page 11;

IT IS FURTHER ORDERED that, not later than 6:30 p.m. today, February 14, 2012, the Legislature shall electronically file an accompanying brief setting forth their arguments in support of the application of privilege to the submitted documents, in which they also specifically detail the reasons

that the Court's prior orders regarding privilege should not be deemed to apply to the submitted documents;

IT IS FURTHER ORDERED that, not later than 9:00 a.m. on February 15, 2012, the plaintiffs shall file a responsive memorandum setting forth their arguments against the application of privilege to the submitted documents; and

IT IS FURTHER ORDERED that, not later than 9:00 a.m. on February 15, 2012, the consolidated-plaintiffs may file a responsive brief setting forth their arguments against the application of privilege to the submitted documents.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge