UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, CINDY BARBERA, RON BOONE, VERA BOONE, EVANJELINA CLEERMAN, SHEILA COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD LANGE, and GLADYS MANZANET<br><br>Plaintiffs,<br><br>TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND,<br>Intervenor-Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>Defendants,<br><br>F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,<br>Intervenor-Defendants. | Case No. 11-CV-562<br>JPS-DPW-RMD |
| VOCES DE LA FRONTERA, INC., RAMIRO VARA, OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,<br><br>Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>Defendants. | Case No. 11-CV-1011<br>JPS-DPW-RMD<br><br><br><br><br>ORDER |

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

In an earlier order, the Court directed that the Wisconsin Legislature (the Legislature) file sealed copies of eighty four documents, which the Legislature claimed to be covered by the attorney-client privilege, together with a memorandum detailing arguments in support of the privilege claim. (Docket #155). In the same order, the Court also requested that the plaintiffs file a responsive brief setting forth any arguments against attorney-client privilege, and in favor of disclosure. (Docket #155).

The Legislature and plaintiffs have complied with the Court's directives, for which the Court expresses its appreciation since these submissions undoubtedly required substantial effort on very short notice. (Docket #156, #157, #159). With the benefit of the content of each of the documents to which a claim of privilege is being asserted and the submitted briefs, the Court next turns to its analysis.

In the end, as determined in three prior orders, the Court finds that the documents produced by the Legislature are not protected by the attorney-client privilege. Privilege does not apply to documents that concern "'advice on political, strategic, or policy issues.'" *Evans v. City of Chicago*, 231 F.R.D. 302, 312 (N.D. Ill. 2005) (quoting *In re Lindsey*, 148 F.3d 1100, 1106 (D.C. Cir. 1998)). The documents produced by the defendants consist predominantly of a series of email messages discussing the support of certain Hispanic community groups for redistricting legislation and also discussing the floor debates on a pending bill. In the Court's view, it is quite apparent that these email discussions involve advice on political strategy, as opposed

to legal strategy, and, therefore, are not afforded attorney-client privilege protection.

The Court well appreciates that in this instance there is an extremely fine line between legal advice offered by counsel to the Legislature (its client) on the one hand, and political or strategic advice offered on the other. But that line is so thinly drawn purely as a result of the Legislature's own doing. Without a doubt, the Legislature made a conscious choice to involve private lawyers in what gives every appearance of an attempt—albeit poorly disguised—to cloak the private machinations of Wisconsin's Republican legislators in the shroud of attorney-client privilege. What could have—indeed should have—been accomplished publicly instead took place in private, in an all but shameful attempt to hide the redistricting process from public scrutiny.

Thus, simply put, a requirement that the documents be disclosed is the only fair and just result of the Legislature's decision to mix politics and the law. As noted above, political and strategic advice is not entitled to protection by the attorney-client privilege. *Evans*, 231 F.R.D. at 312. Merely hiding political decisions behind the closed doors (and email servers) of a law firm does not make the advice offered any less political, strategic, or policy-related.

In concluding that the documents at issue here are not privileged from disclosure, the Court does not mean to suggest that the attorney-client privilege is unavailable to government entities. It is simply not available in this instance because of the Legislature's peculiar (and frankly unfortunate) decision in this case to so blur the lines between political, strategic, and legal advice as to make those lines practically disappear. In so doing, the

movants—who, in fact, seem to act on behalf of only a portion of the Legislature despite their assertion that they act on behalf of the full Legislature (and, by extension, all of Wisconsin's citizens)—have tried to hide the redistricting process from the very people whose rights are at stake in that process. And those very people, Wisconsin's citizens, have paid through their tax dollars for the efforts ostensibly taken on their behalf. The Court finds it highly doubtful that any lawyer's client would delight in having the documents and communications for which they have paid kept beyond their reach. Thus, in these particular circumstances, it would be inappropriate to shield from disclosure the communications provided to the Court for *in camera* review.

Finally, for clarity's sake, the Court is also obliged to address the question of attachments noted in a number of the submitted emails. As submitted, these documents consist primarily of emails, though the Legislature also included a number of other documents, such as attachments to those emails. (*See* Documents #16, #32, #38). However, the majority of attachments to the submitted emails have not been disclosed to the Court. Without the benefit of these attachments, the Court presumes that they were either disclosed to the other parties earlier or are not otherwise the subject of a claim of privilege by the Legislature.

For the reasons above, the Court concludes that attorney-client privilege does not apply to those documents submitted by the Legislature (Docket #156). The Court will, therefore, order that the docket entry containing these seal documents (Docket #156) be unsealed, allowing both the parties and the public access to those documents.

Accordingly,

IT IS ORDERED that the assertion that attorney-client privilege applies to each of the eighty four submitted documents (Docket #156), made by the Legislature in its February 13, 2012 letter to the Court (Docket #132), and in its February 14, 2012 memorandum to the Court (Docket #157) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the docket entry containing the documents submitted by the Legislature (Docket #156) be and the same is hereby UNSEALED, allowing the parties to access those documents.

Dated at Milwaukee, Wisconsin, this 16th day of February, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge