UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

_____

ALVIN BALDUS, CARLENE BECHEN, ELVIRA )
BUMPUS, RONALD BIENDSEIL, LESLIE W. )
DAVIS, III, BRETT ECKSTEIN, GLORIA )
ROGERS, RICHARD KRESBACH, ROCHELLE )
MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE )
SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS )
THYSSEN, CINDY BARBERA, RON BOONE, VERA )
BOONE, EVANJELINA CLEERMAN, SHEILA )
COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, )Case No. 11-CV-562
RICHARD LANGE, and GLADYS MANZANET, ) JPS-DPW-RMD
)
             Plaintiffs, )Milwaukee, Wisconsin
                      )
TAMMY BALDWIN, GWENDOLYNNE MOORE and )February 21, 2012
RONALD KIND, )8:30 a.m.
                      )
             Intervenor-Plaintiffs, )**VOLUME I**
                      )**A.M. SESSION**
v. )
                      )
Members of the Wisconsin Government )
Accountability Board, each only in his )
official capacity:  MICHAEL BRENNAN, )
DAVID DEININGER, GERALD NICHOL, THOMAS )
CANE, THOMAS BARLAND, and TIMOTHY VOCKE, )
and KEVIN KENNEDY, Director and General )
Counsel for the Wisconsin Government )
Accountability Board, )
                      )
             Defendants, )
                      )
(caption continued on next page) )
_____

**TRANSCRIPT OF COURT TRIAL**

    BEFORE DIANE WOOD, CIRCUIT JUDGE, ROBERT DOW, JR., DISTRICT
        JUDGE, and J. P. STADTMUELLER, DISTRICT JUDGE

Contract Reporters:        Halma-Jilek Reporting 414-271-4466

Proceedings recorded by computerized stenography, transcript
produced by computer aided transcription.

```
 1   F. JAMES SENSENBRENNER, JR., THOMAS E.   )
     PETRI, PAUL D. RYAN, JR., REID J.        )
 2   RIBBLE, and SEAN P. DUFFY,               )
                                              )
 3                   Intervenor-Defendants.   )
     _____)
 4                                            )
     VOCES DE LA FRONTERA, INC., RAMIRO       )
 5   VARA, OLGA VARA, JOSE PEREZ, and         )
     ERICA RAMIREZ,                           )
 6                                            )
                     Plaintiffs,              )
 7                                            )
     v.                                       )Case No. 11-CV-1011
 8                                            )  JPS-DPW-RMD
     Members of the Wisconsin Government      )
 9   Accountability Board, each only in his   )
     official capacity: MICHAEL BRENNAN,      )
10   DAVID DEININGER, GERALD NICHOL, THOMAS   )
     CANE, THOMAS BARLAND, and TIMOTHY        )
11   VOCKE, and KEVIN KENNEDY, Director and   )
     General Counsel for the Wisconsin        )
12   Government Accountability Board,         )
                                              )
13                   Defendants.              )
     _____
14
15   A P P E A R A N C E S
16   For the Plaintiffs:        DOUGLAS M. POLAND
                                 Godfrey & Kahn, S.C.
17                               780 North Water Street
                                 Milwaukee, WI 53202-3590
18                               414-273-3500
                                 Fax: 414-273-5198
19                               Email:  dpoland@gklaw.com
20                               DUSTIN B. BROWN
                                 Godfrey & Kahn, S.C.
21                               1 East Main Street - Suite 500
                                 Madison, WI 53701-2719
22                               608-257-3911
                                 Fax: 608-257-0609
23                               Email:  dbrown@gklaw.com
24
25
```

| | | |
|---|---|---|
| 1 | FOR THE CONSOLIDATED | |
| | PLAINTIFFS: | **JACQUELINE E. BOYNTON** |
| 2 | | Law Offices of Jacqueline Boynton |
| | | 2266 N. Prospect Ave – Ste. 505 |
| 3 | | Milwaukee, WI 53202-6306 |
| | | 414-276-1066 |
| 4 | | Fax:414-276-9119 |
| | | Email: jackie@jboynton.com |
| 5 | | |
| | | **PETER G. EARLE** |
| 6 | | Law Offices of Peter Earle, LLC |
| | | 839 North Jefferson – Suite 303 |
| 7 | | Milwaukee, WI 53202 |
| | | 414-276-1076 |
| 8 | | Fax: 414-276-0460 |
| | | Email: peter@earle-law.com |
| 9 | | |
| | FOR THE DEFENDANTS: | **DANIEL KELLY** |
| 10 | | Reinhart Boerner Van Deuren, S.C. |
| | | 1000 North Water Street |
| 11 | | Milwaukee, WI 53202 |
| | | 414-298-1000 |
| 12 | | Fax: 414-298-8097 |
| | | Email: dkelly@reinhartlaw.com |
| 13 | | |
| | | **PATRICK J. HODAN** |
| 14 | | Reinhart Boerner Van Deuren, S.C. |
| | | 1000 North Water Street |
| 15 | | Milwaukee, WI 53202 |
| | | 414-298-1000 |
| 16 | | Fax: 414-298-8097 |
| | | Email: phodan@reinhartlaw.com |
| 17 | | |
| | | **COLLEEN E. FIELKOW** |
| 18 | | Reinhart Boerner Van Deuren, S.C. |
| | | 1000 North Water Street |
| 19 | | Milwaukee, WI 53202 |
| | | 414-298-1000 |
| 20 | | Fax: 414-298-8097 |
| | | Email: cfielkow@reinhartlaw.com |
| 21 | | |
| | | **MARIA S. LAZAR** |
| 22 | | Wisconsin Department of Justice |
| | | Office of Attorney General |
| 23 | | 17 West Main Street |
| | | Madison, WI 53707-7857 |
| 24 | | 608-267-3519 |
| | | Fax: 608-267-2223 |
| 25 | | Email: lazarms@doj.state.wi.us |

```
 1   FOR INTERVENOR PLAINTIFFS:    SCOTT HASSETT
                                   Lawton & Cates, S.C.
 2                                 10 East Doty Street - Suite 400
                                   P.O. Box 2965
 3                                 Madison, WI 53701-2965
                                   608-282-6200
 4                                 Fax:  608-282-6252
                                   Email: shassett@lawtoncates.com
 5
     FOR THE INTERVENOR
 6   DEFENDANTS:                   KELLEN C. KASPER
                                   Foley & Lardner, LLP
 7                                 777 East Wisconsin Avenue
                                   Milwaukee, WI 53202-5300
 8                                 414-297-5783
                                   Fax: 414-297-4900
 9                                 Email: kkasper@foley.com

10                                 THOMAS L. SHRINER, JR.
                                   FOLEY & LARDNER, LLP
11                                 777 East Wisconsin Avenue
                                   Milwaukee, WI 53202-5300
12                                 414-297-5601
                                   Fax: 414-297-4900
13                                 Email: tshriner@foley.com

14   FOR THE MOVANTS:              JOSEPH LOUIS OLSON
                                   Michael Best & Friedrich, LLP
15                                 100 East Wisconsin Avenue
                                   Suite 3300
16                                 Milwaukee, WI 53202-4108
                                   414-271-6560
17                                 Fax: 414-277-0656
                                   Email: jlolson@michaelbest.com
18
     FOR ATTORNEY JIM TROUPIS      DONALD DAUGHERTY
19                                 Whyte Hirshboeck Dudek, S.C.
                                   555 East Wells Street
20                                 Suite 1900
                                   Milwaukee, WI 53202
21                                 414-978-5443
                                   Fax: 414-223-5000
22                                 Email: ddaughtery@whdlaw.com

23

24

25
```

1

**JOHN B. TUFFNELL**
Whyte Hirschboeck Dudek, S.C.
555 East Wells Street
Suite 1900
Milwaukee, Wi 53202
414-978-5616
Fax: 414-223-5000
Email: jtuffnell@whdlaw.com

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2          THE BAILIFF:  Hear Ye, Hear Ye, Hear Ye, the United

3   States District Court for the Eastern District of Wisconsin is

4   now open, the Honorable Judges J. P. Stadtmueller, District

5   Judge, Eastern District of Wisconsin, Diane P. Wood, Circuit

6   Court Judge, United States Court of Appeals for the Seventh

7   Circuit, and Robert M. Dow, Jr., District Judge, Northern

8   District of Illinois, presiding.

9          All persons having business before this Honorable

10  Court are admonished to draw near and give their attention for

11  this special three-judge court convened pursuant to Title 28,

12  United States Code, Section 2284 is now in session.

13          God save the United States and this Honorable Court.

14  Please be seated and come to order.

15          THE CLERK:  The court calls Alvin Baldus, et al,

16  versus Michael Brennan, et al, Case No. 11-CV-562 for a court

17  trial.  May I have the appearances, beginning with the

18  plaintiffs.

19          MR. POLAND:  Good morning.  Doug Poland, Dustin Brown

20  and Wendy Arends appearing on behalf of the Baldus Plaintiffs.

21          MR. EARLE:  Good morning, Your Honors.  Peter Earle

22  and Jackie Boynton appearing on behalf of Voces de la Frontera,

23  et al, Consolidated Plaintiffs.

24          MR. HASSETT:  Good morning, Your Honors.  Scott

25  Hassett and Jim Olson appearing on behalf of the Intervening

```
 1  Plaintiffs, the Congressional Representatives and the
 2  Democratic Caucus.
 3          MS. LAZAR:  Good morning, your Honor.  Assistant
 4  Attorney General Maria Lazar, also appearing with counsel from
 5  Reinhart, Dan Kelly, Patrick Hodan and Colleen Fielkow.  We
 6  represent the Defendants, the Government Accountability Board
 7  and its Director and General Counsel.
 8          MR. SHRINER:  Thomas L. Shriner, Jr., and Kellen C.
 9  Kasper of Foley & Lardner for the Intervening Defendants.
10          JUDGE STADTMUELLER:  Thank you.  Are there any other
11  appearances that wish to be noted this morning?
12          (No response.)
13          JUDGE STADTMUELLER:  Is Mr. Daugherty or Mr. Troupis
14  in the courtroom?
15          (No response.)
16          JUDGE STADTMUELLER:  Does anyone know if they are in
17  the building?
18          MR. SHRINER:  There was a long line at the door, Your
19  Honor.  I don't know, though.
20          MR. EARLE:  Your Honor, may I?
21          JUDGE STADTMUELLER:  Certainly.
22          MR. EARLE:  I spoke with Mr. Daugherty last night
23  before this was -- the motion was filed, and I was informed
24  that it was going to be filed.  It was my understanding that he
25  was going to be here in order to deal with this.
```

1          JUDGE STADTMUELLER:  All right.  Would you like to

2    step out in the hall, Mr. Earle, and see if you can reach

3    either Mr. Daugherty or Mr. Troupis on the phone, because I

4    would like them to be in the courtroom.

5          MR. EARLE:  Certainly, Your Honor.

6          (A brief recess was taken.)

7          MR. EARLE:  Your Honor, I called the Whyte

8    Hirschboeck firm and was informed that he's in that building.

9    They are trying to get ahold of him.

10          JUDGE STADTMUELLER:  All right.  So as to not keep

11    anybody in suspense while we await Mr. Daugherty and

12    Mr. Troupis' arrival, let me make some preliminary comments

13    that I believe are shared by my two colleagues, as well.

14    Obviously, this case has been very, very focused in the last 10

15    to 15 days, which has resulted in an incredible number of

16    filings with the court.  At last count, in just 10 days the

17    court has now received over 2,400 pages in filings, many of

18    which came after the close of business last evening.  I

19    appreciate the fact that each of you, in zealously representing

20    the interests of your respective clients, have endeavored to

21    comply with each of the court's directives with respect to

22    bringing this case to trial and having it in a posture that it

23    can be adjudicated in a timely way, but, obviously, along that

24    path there have been a number of matters that have sort of

25    become distractions to the court issues in the case.

1          Unfortunately, we are at another one of those

2    junctures with regard to the matter addressed in Docket No.

3    179, which is a motion that was filed last evening for yet

4    another clarification with respect to the matter of the

5    attorney-client privilege and how it may impact any testimony

6    to be given by the individuals subpoenaed, namely, Mr. James

7    Troupis, and it is in that connection that the court wishes to

8    have Mr. Troupis and his counsel present so that the court can

9    address that not only with counsel who are present this

10   morning, but Mr. Troupis and his counsel, as well.  So pending

11   their arrival, we will simply stand in recess for a few

12   minutes.  The court stands in recess.

13           THE BAILIFF:  All rise.

14           (A recess was taken.)

15           THE BAILIFF:  All rise.  Court is now in session.

16   Please be seated and come to order.

17           JUDGE STADTMUELLER:  Let the record reflect that we

18   have reconvened in the matter of Baldus, et al, versus Brennan,

19   et al.  The record should also reflect that Mr. Troupis and his

20   counsel have now appeared, and if you would be so kind, please

21   note your appearances for the record.

22           MR. DAUGHERTY:  Yes, Your Honor.  Don Daughtery and

23   John Tuffnell of Whyte Hirschboeck Dudek on behalf on James

24   Troupis.

25           JUDGE STADTMUELLER:  Good morning to you, and, again,

1   good morning to all counsel and your client representatives who

2   are present this morning.  For purposes of our dialogue, I

3   earlier noted that in the last 10 days the court has received

4   in excess of 2,400 pages in filings, many of which have come in

5   the last 8 or 9 hours, simply leaving the court, at least as of

6   this moment, without the benefit of some of the responses,

7   particularly to Proposed Findings of Fact and Conclusions of

8   Law.

9           But more significantly, last evening Mr. Daughtery

10  and Mr. Tuffnell, on behalf of Mr. Troupis, filed yet another

11  motion for clarification of this issue of the attorney-client

12  privilege as it relates to the representation, whether it be

13  legal or strategic or political, of the members of the

14  Wisconsin Legislature.

15          The motion did not come with a brief and, obviously,

16  we haven't had an opportunity to even invite a response from

17  the proponents of Mr. Troupis' testimony.  Against that

18  backdrop, I think it important that the following record be

19  made with the thought that in the end ultimately, including the

20  recent Supreme Court case in Perry versus Perez, that this

21  whole issue of redistricting ought, in the first instance, be

22  entrusted to the Legislature.

23          It is quite clear to both I and my colleagues that

24  there are some troubling issues in this case among the myriad

25  of issues that have been addressed both in pleadings, motions

1    for judgment on the pleadings, motions for summary judgment and

2    expert testimony.  As a court we felt it in everyone's interest

3    to provide counsel with a little bit of backdrop in terms of

4    the issues that are foremost in the court's mind, and distilled

5    to their root they really lie in the umbrella of Count 1 of the

6    Amended Complaint, along with Counts 3, 5 and 7.

7            With respect to Count 3, whether it will carry the

8    day or not is a totally different question, but, nonetheless,

9    it is among the issues that the court believes that require

10   some sharper focus, and that is the disenfranchisement, whether

11   necessary or unnecessary, and that really is the question of

12   some 300,000 voters, but even more significantly is the

13   question of the racial makeup with respect to the districts

14   embodying the African American population, and even more

15   significant is the impact of Act 43 with respect to the

16   implications for the Latino community.

17           So here is where we are as of Tuesday morning,

18   February 21st.  With respect to the matter of clarification of

19   Mr. Troupis' status as counsel for the Legislature and what

20   ought, if anything, be protected by the attorney-client

21   privilege, I'm going to direct that his counsel submit a

22   Memorandum of Law addressing both the facts and the legal

23   implications not later than 4:00 o'clock this afternoon.  With

24   respect to the matter of a response from any other counsel,

25   that response has to be filed not later than 8:00 o'clock

1   tomorrow morning.

2         In the interim, against the backdrop of the comments

3   that I have just made and drawing upon the oft quoted phrase of

4   one of my mentors, John Reynolds, it is never too late to

5   engage in meaningful dialogue between counsel and their clients

6   with regard to how best to proceed with regard to achieving

7   that which every citizen, without regard to party affiliation,

8   without regard to politics, ought to achieve, and that is a

9   fair, just and meaningful redistricting plan.

10        So what I'm going to suggest is that counsel meet and

11   confer and notify the court by the end of today, and

12   specifically 5:30, whether there is any opportunity available

13   to revisit the entirety of the subject matter that the court

14   has raised in terms of its concerns directly with the parties

15   involved, be they the leadership in the Legislature, the

16   governor, the attorney general and other interested parties,

17   and advise the court as to whether or not there is an

18   opportunity to revisit this legislation in the forum that it

19   should be addressed, namely, the Wisconsin Legislature.

20        If that avenue is not available for whatever reason,

21   we will commence with the trial starting tomorrow morning at

22   8:30. Likewise, if there is a good faith effort to achieve

23   legislatively that which everyone would like to see achieved,

24   we will extend the beginning of this trial either to the week

25   of March 12th or March 19th, which means essentially if the

1 Legislature would like to revisit this subject, they, in

2 effect, will have about four weeks to do so, if the trial

3 resumes on Monday, March 19th.

4      I appreciate that's an awful lot on the opening day

5 of trial for a lot of folks to digest, but I think in the end,

6 with all of the hard effort that has gone into this case thus

7 far, together with the numerous filings, the experts, the

8 advocacy, that those advocacy skills may, at the end of the

9 day, be better addressed in the forum that it should have been

10 addressed initially, and that is in the halls of the

11 Legislature.  If that process not work its way and we are still

12 left where we are this morning, we will resume with the trial

13 either tomorrow morning or the week of March the 12th or

14 March 19th.

15      One final thought.  On the matter of Mr. Troupis'

16 testimony, the court has no interest in engaging in what might

17 be best described as a discovery deposition in open court.  As

18 a consequence, depending if it becomes necessary that the court

19 have to rule, and if it becomes necessary that Mr. Troupis

20 actually has to appear and testify, he will first be subject to

21 a discovery deposition outside of a formal court proceeding,

22 and that testimony may be distilled to a stipulation or

23 narrowly focused, but I and my colleagues have no interest in

24 presiding over what would be best described as a discovery

25 deposition.  So to that extent, if there is testimony to be

1    taken, it will be taken first in discovery, and then to the

2    extent relevant and appropriate will come forward in the

3    context of a trial, if that becomes necessary.

4           So I will leave it to counsel to address each of

5    these matters and the concerns that the court has spread on the

6    record.  We make no findings with respect to any of these

7    matters except I think to provide counsel with a little bit of

8    guidance as to what is on the court's mind.  Anyone wish to

9    raise anything either procedurally or otherwise?

10           MR. DAUGHERTY:  Nothing, Your Honor.

11           MS. LAZAR:  No, Your Honor.

12           MR. SHRINER:  If I may, Your Honor.

13           JUDGE STADTMUELLER:  Go ahead.

14           MR. SHRINER:  I'm glad we didn't make the top two

15    list of the court's issues of concern.  I don't think there's

16    much of dispute, if anything, on Act 44, congressional

17    redistricting.  It has nothing to do with disenfranchisement;

18    it has nothing to do with Voting Rights Act concerns.  There is

19    no Voting Rights Act claim.  It's a pure political

20    gerrymandering claim.  It has been the subject of a long

21    briefed, fully briefed and submitted motion.  I don't think

22    either side is going to offer much additional at trial, we

23    stipulated to a lot of facts, and while we are here to do what

24    the court wants and we will do what we are told to do, and we

25    will come back tomorrow and we will come back next month, if

 1    that's what the court wishes, I would sure like to get this
 2    part of the show off the bandwagon of Act 43, because I think
 3    it's an entirely different case presenting entirely different
 4    issues.  I will be prepared to argue that today, tomorrow,
 5    whatever you want to do it, if that's what you want, but I
 6    think it would be useful and maybe useful to the court and
 7    useful to the other parties if that part of the case could be
 8    dealt with and disposed of.  I don't have a suggestion beyond
 9    that.
10          JUDGE STADTMUELLER:  Certainly.  Well, without
11    getting into the meat of Act 44, there is one very small issue,
12    and I appreciate that it's an issue that the court at some
13    point is going to have to grapple with, and that's this whole
14    genre of the impact of computerization with respect to
15    districting.  With respect to Act 44, to the extent that
16    there's a little bit of a conflict, it really relates to the
17    matter of whether or not, unnecessarily so, forgetting the
18    whole gerrymandering argument, whether unnecessarily so,
19    without the implications of gerrymandering, a number of voters
20    were moved from one congressional district to another without
21    any meaningful explanation.
22          Obviously, if you talk to the experts, and we have
23    reviewed these expert reports that are already on file in part
24    of the public record in this case, there's an enormous amount
25    of activity that is available in terms of grappling with these

1    issues and modeling such that at the end of the day perhaps the

2    number of congressional voters would not have necessarily had

3    to have been moved.  I make no bones about the fact that with

4    the advent of computers, it's very much like DNA.  Why should

5    we not draw upon this wonderful technology just like the

6    criminal law enforcement field drawing upon DNA.  It's

7    available.  I appreciate that no court has said you have got to

8    do this or you have got to use this program, but in the

9    fundamental interest of fairness, isn't that what this is all

10   about?

11            To be sure, the public at large is probably more

12   frustrated than the members of the Legislature or the lawyers

13   or perhaps even the judges in terms of how this process

14   continues to unfold.  Just when we are ready to go forward,

15   there's another fly in the ointment that needs to be addressed,

16   and that's what we are here for, we have no problem with that,

17   but getting up to speed just with the filings that have come

18   forward in the last 10 days is certainly a significant

19   challenge to any court, keeping in mind that this is not the

20   only case that Judge Stadtmueller and Judge Dow and Judge Wood

21   have on their calendars, just like for all of you this is not

22   the only case that you are working on.  But at the end of the

23   day, my goodness, with all of the talent that is here today, I

24   think it is wise to simply suggest that it could be more wisely

25   used and more effectively used in the halls where it should be

1    used, and that is in the Legislature.

2         MR. SHRINER:  Your Honor, my point is simply, and I

3    appreciate what the court said, in our view this doesn't

4    present any kind of a constitutional issue.  As the court has

5    said this morning earlier, and I think it's the law, these are

6    decisions for the Legislature to make, and unless there's a

7    constitutional violation, there's nothing for this court to do.

8    My point is simply I don't think you are going to learn any

9    more from this trial about the facts.  The facts are in the

10   record.  We don't even think that the complaint presents a case

11   that needed to be met with facts.  I'm just suggesting that we

12   can fairly easily pare that part of the case out from the rest

13   of it, it doesn't implicate any of the issues that the court

14   has expressed concern about, and I'm just offering our

15   availability as the court wishes to deal with that separately

16   and perhaps get that taken care of.

17        JUDGE STADTMUELLER:  All right.  Well, we will

18   certainly do that.  I appreciate, for one, having sat on the

19   earlier case, that insofar as the congressional redistricting

20   is concerned, that generally it has been very much a bipartisan

21   effort by both David Obey and Jim Sensenbrenner and their

22   respective caucuses, but there's been a suggestion that while

23   there was certainly an awful lot of dialogue between the

24   caucuses and not a lot of objections, if we are talking about,

25   you know, what is appropriate.  I'm not suggesting that it is

1  in any way controlling, but it certainly is a question.  I will

2  leave it at that.

3          JUDGE WOOD:  If I might just add, I think that in a

4  sense what we are saying is although it may well prove to be

5  the case, once we have finished these processes, that the facts

6  are sufficiently distinct, that Act 44 can be handled

7  differently from Act 43, our sense is we're not quite there

8  yet, but we are certainly aware of your point and will be

9  continuing to think about it.

10          MR. SHRINER:  Thank you, Your Honor.

11          JUDGE STADTMUELLER:  Anyone else have anything they'd

12  like to raise for the good of the order?

13          MR. POLAND:  Not from the Baldus plaintiffs, Your

14  Honor.

15          MR. EARLE:  Nor from the Voces de la Frontera

16  plaintiffs, Your Honor.

17          MR. KELLY:  Not from the defendants, Your Honor.

18          JUDGE STADTMUELLER:  All right.  So we will, A, be

19  looking forward to a Memorandum with regard to Mr. Troupis, the

20  response tomorrow morning.  In the meantime, something by the

21  end of the day as to whether there's any potential for this

22  case being revisited by the Legislature against the backdrop of

23  the comments that have been made of record.  The court stands

24  in recess.

25          THE BAILIFF:  All rise.

1          (Court adjourned at 9:24 a.m.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT   )
                               )SS
EASTERN DISTRICT OF WISCONSIN )


            I, KATHY A. HALMA, Official Court Reporter

for the United States District Court, Eastern District of

Wisconsin, do hereby certify that I reported the foregoing

proceedings and that the same is true and correct in accordance

with my original shorthand notes taken at said time and place.



            _____

KATHY A. HALMA
Official Court Reporter
United States District Court