UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CINDY BARBERA, CARLENE BECHEN, RONALD BIENDSEIL, RON BOONE, VERA BOONE, ELVIRA BUMPUS, EVANJELINA CLEEREMAN, SHEILA COCHRAN, LESLIE W. DAVIS III, BRETT ECKSTEIN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD KRESBACH, RICHARD LANGE, GLADYS MANZANET, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, GLORIA ROGERS, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, | Civil Action File No. 11-CV-562 |
| Plaintiffs, | Three-judge panel 28 U.S.C. § 2284 |
| TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND, | |
| Intervenor-Plaintiffs, | |
| v. | |
| Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board, | |
| Defendants, | |
| F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY, | |
| Intervenor-Defendants, | |

(caption continued on next page)

**JOINT EXPEDITED MOTION OF BALDUS PLAINTIFFS AND VOCES DE LA FRONTERA PLAINTIFFS TO SCHEDULE A HALF-DAY HEARING ON REMEDIES AND TO SET A COMPLEMENTARY BRIEFING SCHEDULE**

VOCES DE LA FRONTERA, INC., RAMIRO VARA,
OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,

        Plaintiffs,

   v.                                                                  Case No. 11-CV-1011
                                                                              JPS-DPW-RMD

Members of the Wisconsin Government Accountability
Board, each only in his official capacity:
MICHAEL BRENNAN, DAVID DEININGER, GERALD
NICHOL, THOMAS CANE, THOMAS BARLAND, and
TIMOTHY VOCKE, and KEVIN KENNEDY, Director
and General Counsel for the Wisconsin Government
Accountability Board,

        Defendants.

       Defying the decision of this Court, the state's legislative leadership late yesterday declared that the legislature would not address the Voting Rights Act violation and other infirmities in Act 43 now enjoined by the Court's March 22, 2012 judgment. Accordingly, Voces de la Frontera ("Voces") and the Baldus plaintiffs, by their counsel, jointly move the Court, in accordance with Civil L.R. 7(h), to schedule a half-day hearing on remedies and, to that end, require the parties who so choose to submit alternative configurations for Assembly Districts 8 and 9 and any other appropriate remedies on an expedited schedule.

## GROUNDS

In support of the motion, Voces and the Baldus plaintiffs state that:

      1.     The Court issued its Memorandum Opinion and Order yesterday declaring Act 43 in violation of the Voting Rights Act and, in its judgment, ordered the defendants "ENJOINED from implementing ACT 43 in its current form." Memorandum Opinion and Order ("Op.") at 37 (Dkt. 210).

2. Fewer than six hours after the Court issued its opinion and judgment, the Senate Republican Leader, Scott Fitzgerald, was quoted as asking: "Why would you go back to the Legislature?" and stating that "there was 'not a chance' senators would return to the floor to take up the maps." Widely reported throughout the state, the leader's statement can be found in the *Wisconsin State Journal* and the *Milwaukee Journal Sentinel*. Declaration of Douglas M. Poland ("Poland Decl.") ¶¶ 2-3, Exs. A, B.

3. At the same time, the state's principal legal officer, the Attorney General, whose office helped defend Act 43, issued a statement that the Court's decision had "vindicated" the legislature's redistricting work. *See* Poland Decl. ¶ 4, Ex. C. Later yesterday, the Attorney General also said: "I don't think it [redistricting] will get done by the legislature.… I believe it will ultimately be the court that redraws the lines." *See* Poland Decl. ¶ 5, Ex. D.

4. At the same time, an employee of the Wisconsin Department of Justice, working for the Attorney General, stated that the Court's judgment was "ambiguous," suggesting that it applied only to two assembly districts in Milwaukee – notwithstanding the injunction against the implementation of all of Act 43. *See* Poland Decl. ¶ 3, Ex. B.

5. Redistricting is indeed principally the responsibility of the legislative branch, as this Court and the Supreme Court repeatedly have declared. Op. at 10 (citing *Perry v. Perez*, 565 U.S. ___, 132 S. Ct. 934, 940 (2012)); Op. at 34 (Dkt. 210). In her opening statement to the Court, Assistant Attorney General Maria Lazar reiterated that: "When all is said and done here, the principal concept is the one that this court has been focusing upon ... is that redistricting is the province of the Legislature." Trans., Vol. IV at 96:16-19 (Feb. 23, 2012) (Dkt. 195).

6. When the legislature abdicates that responsibility – either because it is unable or, here, unwilling to exercise that responsibility – it necessarily falls to the federal judicial system to ensure that statutory and constitutional rights are protected.

7. The statements by one party's legislative leadership and the Attorney General are not under oath, but it would do little good to attempt to depose them – or, on this matter, to question their veracity because they made their declarations within hours of the Court's decision and to the public at large.

8. "Recognizing as we have throughout this litigation the primary role that the state has in this area, we are giving the legislature the first opportunity to address this point, but it must act quickly given the impending elections." Op. at 34 (Dkt. 210). Quite clearly, the legislature has declined that opportunity, but the urgency remains.

9. Kevin Kennedy, a named defendant, testified at trial that the state's election schedule sets April 15, 2012 as the first day for the circulation of nomination papers for the August primary. Trans., Vol. V. at 247:24-248:6 (Feb. 23, 2012) (Dkt. 196). That is the day by which the state's legislative districts ideally should be fixed and promulgated – for the sake of potential candidates and the electorate.

10. In the vacuum now intentionally left by the legislature, the Court has no alternative but to proceed. If the legislative leadership changes its mind, an unlikely prospect given its unequivocal statements, the Court always can suspend its work and adjourn any scheduled hearing.

11. The moving parties request a briefing schedule that provides for the simultaneous submission of proposed alternatives by the parties within seven calendar days of an order so directing, with responses due within three calendar days thereafter. That would permit a hearing,

4

should the Court's schedule permit it, not to exceed four hours of testimony and argument during the week of April 9, 2012. As the Court has noted, the plaintiffs' expert, Dr. Kenneth Mayer, already has analyzed the districts' configuration for alternatives, Op. at 34, and at least one of the defendants' numerous experts surely can be prepared as well.

12. In bringing this motion, Voces and the Baldus plaintiffs reserve their right to file appropriate post-judgment motions based on the decision and order and on the matters raised in the plaintiffs' March 20, 2012 letter (Dkt. 208), including a motion for sanctions and for attorneys' fees (as alleged in the complaints) under the Civil Rights Act, 42 U.S.C. § 1988.

## RELIEF REQUESTED

**WHEREFORE**, for the reasons stated above, Voces de la Frontera and the Baldus plaintiffs move the Court to enter a procedural order forthwith and without awaiting a reply from the state:

1. Scheduling a half-day hearing on the remedies available to the Baldus plaintiffs and Voces;

2. Ordering the parties to submit proposed alternative remedies and supporting briefs within seven calendar days of the entry of an order; and responses due three calendar days thereafter. The moving parties request that these deadlines include week-ends and holidays within the counted period; and,

3. In light of the legislature's stated refusal to follow the Court's order and judgment, such other and further relief that may be appropriate.

Dated: March 23, 2012.

GODFREY & KAHN, S.C.

By: */s/ Douglas M. Poland*
Douglas M. Poland
State Bar No. 1055189
Dustin B. Brown
State Bar No. 1086277
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
608-257-3911
dpoland@gklaw.com
dbrown@gklaw.com

*Attorneys for Plaintiffs*

Dated: March 23, 2012.

LAW OFFICE OF PETER EARLE LLC

By: */s/ Peter G. Earle*
Peter G. Earle
State Bar No. 1012176
Jacqueline Boynton
State Bar No. 1014570
839 North Jefferson Street, Suite 300
Milwaukee, WI 53202
414-276-1076
peter@earle-law.com
Jackie@jboynton.com

*Attorneys for Consolidated Plaintiffs*

7666459_1