IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALVIN BALDUS, CARLENE BECHEN, ELVIRA
BUMPUS, RONALD BIENDSEIL, LESLIE W.
DAVIS, III, BRETT ECKSTEIN, GLORIA
ROGERS, RICHARD KRESBACH, ROCHELLE
MOORE, AMY RISSEEUW, JUDY ROBSON,
JEANNE SANCHEZ-BELL, CECELIA
SCHLIEPP, TRAVIS THYSSEN, CINDY
BARBERA, RON BOONE, VERA BOONE,
EVANJELINA CLEERMAN, SHEILA COCHRAN,
MAXINE HOUGH, CLARENCE JOHNSON,
RICHARD LANGE, and GLADYS MANZANET,

      Plaintiffs,                                        Case No. 11-C-00562
                                                              JPS-DPW-RMD

TAMMY BALDWIN, GWENDOLYNNE MOORE
and RONALD KIND,

      Intervenor-Plaintiffs,

    v.

Members of the Wisconsin Government
Accountability Board, each only in his official
capacity: MICHAEL BRENNAN, DAVID
DEININGER, GERALD NICHOL, THOMAS
CANE, THOMAS BARLAND, and TIMOTHY
VOCKE, and KEVIN KENNEDY, Director and
General Counsel for the Wisconsin Government
Accountability Board,

      Defendants,

F. JAMES SENSENBRENNER, JR., THOMAS E.
PETRI, PAUL D. RYAN, JR., REID J. RIBBLE,
and SEAN P. DUFFY.

      Intervenor-Defendants.

VOCES DE LA FRONTERA, INC.,
RAMIRO VARA, OLGA VARA,
JOSE PEREZ, and ERICA RAMIREZ,

       Plaintiffs,

v.

Members of the Wisconsin Government
Accountability Board, each only in his official
capacity: MICHAEL BRENNAN, DAVID
DEININGER, GERALD NICHOL, THOMAS
CANE, THOMAS BARLAND, TIMOTHY
VOCKE, and KEVIN KENNEDY, Director and
General Counsel for the Wisconsin Government
Accountability Board,

       Defendants.

Case No. 11-C-1011
JPS-DPW-RMD

DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT MOTION TO SCHEDULE A HALF-DAY HEARING ON REMEDIES AND TO SET A COMPLEMENTARY BRIEFING SCHEDULE AND PROVISIONAL MOTION FOR STAY OF INJUNCTION

NOW COME the defendants by their attorneys, J.B. Van Hollen, Attorney General, and Maria S. Lazar, Assistant Attorney General, and Reinhart Boerner Van Deuren s.c., and hereby file this Response to Plaintiffs' Joint Motion to Schedule a Half-Day Hearing on Remedies and to Set a Complementary Briefing Schedule together with a Provisional Motion for Stay of Injunction. While the defendants agree with certain portions of the plaintiffs' Joint Motion, there are some areas which require clarification via this Response.

RESPONSE TO JOINT MOTION

I.     RESPONSE IN SUPPORT OF EXPEDITED REMEDIES PHASE.

On March 22, 2012, this Court issued a Memorandum Opinion and Order (the "Opinion") and a Judgment (Dkt. ## 210 and 211) with respect to the trial in this case held on

February 23 and 24, 2012. The defendants agree that the Court determined that the single boundary line between new Assembly Districts 8 and 9, as configured in 2011 Wisconsin Act 43, has to be re-drawn without affecting the boundaries of any other districts and that the Court gave "the legislature the first opportunity to address this point." (Opinion at 34).

The defendants also agree, that given the public pronouncements by Legislators of both parties in the State Legislature, it is highly unlikely that the State Legislature—which is no longer in session—will be able to re-convene so as to pass legislation re-drawing the one and only district line that this Court has found to have violated federal law. In fact, statements by Democratic Legislators indicate that they show no interest in limiting legislative activity to the single task which was identified by the Court. (*See, e.g.*, Senator Mark Miller's letter to Senator Scott Fitzgerald, dated March 23, 2012, attached as Exhibit A to the March 23, 2012 Affidavit of Maria S. Lazar ["Lazar Aff."] and Representative Peter Barca's March 22, 2012 press release, attached as Exhibit B to the Lazar Aff.).

Defendants do not agree that legislative inaction is an "abdication" of responsibility. Although this Court has ruled, its decision is subject to appeal. If the Legislature were to recreate Assembly Districts 8 and 9, it would likely moot any appeal of this Court's decision. Non-action by the Legislature is consistent with the view that 2011 Wisconsin Act 43 does not violate the Voting Rights Act and that it will eventually be upheld in its entirety.[1]

Subject to that understanding, defendants agree that it would be appropriate for the Court to enter a remedial phase to draw the boundary line between Assembly Districts 8 and 9.

---

[1] Defendants must also disagree with the assertion that the State Legislature has "defied" this Court's Order. (Joint Motion at 1). This Court's Order provided the Legislature an opportunity to pass a law, presumably in the interests of comity, but did not attempt to bind a non-party.

Last, defendants agree with plaintiffs that it would facilitate the orderly administration of Wisconsin's fall general elections to have that decision entered on or prior to the circulation of nomination papers which are to commence on April 15, 2012.

II.  REQUEST FOR TELEPHONE CONFERENCE CALL ON MONDAY, MARCH 26, 2012.

It is in light of the present apparent impasse of the State Legislature that the defendants join, in a limited extent, in the plaintiffs' Joint Motion as explained above. In addition, the defendants also request that this Court conduct a telephonic scheduling conference as early as Monday, March 26, 2012 or as soon as possible thereafter to:

1. Discuss the scope, parameters, process and timing for the remedies phase of this litigation. Included in that conference call the following matters should be considered:

   a. The time for submission of any proposed line between Assembly Districts 8 and 9, to be considered by the Court; and

   b. Who may submit proposals to the Court.

2. Set the date and time for the remedies hearing as well as the decision, keeping in mind that nominating papers may be circulated starting on April 15, 2012.

PROVISIONAL MOTION FOR STAY OF INJUNCTION

Defendants also move the Court for the following:

1. A declaration clarifying the scope of the injunction against defendants with respect to the implementation of 2011 Wisconsin Act 43.

2. If the scope of the injunction, as Ordered and declared by the Court, bars the implementation of the entire 2011 Wisconsin Act 43—including implementation that would apply only to the senate districts and assembly districts other than 8 and 9—until a new legislative boundary line is drawn between Assembly Districts 8 and 9, defendants hereby move

the Court for a stay of that portion of the injunction so as to allow the defendants to proceed with implementation of the remainder of Act 43 in all other districts.

GROUNDS FOR PROVISIONAL MOTION FOR STAY OF INJUNCTION.

1. Defendant Kevin Kennedy, Director and General Counsel of defendant Government Accountability Board, testified on February 23, 2012, that the deadline for municipalities to adjust their ward boundaries or municipal boundaries to match 2011 Wisconsin Act 43 is April 10, 2012 (Transcript of Court Trial, Vol. V., at 274:10-13) and that candidates could begin circulating nominating papers for the 2012 primary and general elections on April 15, 2012. (*Id.* at 247:24-248:6).

2. Absent any action by the State Legislature, the legislative boundary line between new Assembly Districts 8 and 9 under 2011 Wisconsin Act 43, which the Court found to be in violation of the Voting Rights Act, may not be able to be used by the defendants in the pending election. The deadlines of April 10 and 15, 2012 are fast approaching and the defendants do not have any guidance as to what boundary line to use for Assembly Districts 8 and 9; moreover, one interpretation of the Opinion would bar any implementation of 2011 Wisconsin Act 43 until this one boundary line issue is resolved which would leave the defendants and all the clerks and other election officials throughout the state without any direction or options, potentially disenfranchising all electors throughout the State of Wisconsin.

3. There exists some ambiguity as to the scope of this Court's injunction against the defendant GAB as set forth in the Opinion and the Judgment. There are two possible readings of those documents: (1) that the defendants are enjoined from implementing 2011 Wisconsin Act 43 as to all districts until the boundary line between New Assembly Districts 8 and 9 is re-drawn so as to provide for a majority-minority Latino district; or (2) that the defendants are

enjoined from implementing Act 43 solely as to New Assembly Districts 8 and 9, but may proceed to implement Act 43 with respect to the Senate Districts and all other Assembly Districts.

4. If the injunction only bars implementation of 2011 Wisconsin Act 43 with respect to Assembly Districts 8 and 9, then it still may result in the likelihood that all of the electors in Assembly Districts 8 and 9 will be disenfranchised.

5. The defendants respectfully request that this Court declare the scope of its injunction and, if the injunction bars any implementation of 2011 Wisconsin Act 43 prior to the re-drawing of the new Assembly District lines, the defendants respectfully request that the Court stay that injunction solely to permit implementation of the other, constitutional boundaries in the legislative redistricting map.

## CONCLUSION

For the reasons stated above, the defendants respond and move this Court as follows:

1. That the Court hold a telephone conference call on Monday, March 26, 2012 to discuss the scope and parameter of a remedies phase as well as the process and timeline for such a phase.

2. That the Court conduct an expedited remedies phase hearing such that a decision may be rendered no later than April 12, 2012.

3. That the Court determine who may submit proposals for a new boundary line between Assembly Districts 8 and 9 (solely within the boundaries for those two Districts as currently established by 2011 Wisconsin Act 43). Such date to be prior to March 28, 2012.

- 6 -
Case 2:11-cv-00562-JPS-DPW-RMD   Filed 03/23/12   Page 6 of 8   Document 214

4. That the Court declare the scope of the injunction against the defendants with respect to the implementation of 2011 Wisconsin Act 43.

5. If the injunction against the defendants, as noted in paragraph 4 above, bars the implementation of the entire 2011 Wisconsin Act 43 until there is a new boundary line between Assembly Districts 8 and 9, a stay of such injunction so that the defendants may begin immediate implementation of 2011 Wisconsin Act 43 in all respects with the exception of the boundaries for Assembly Districts 8 and 9.

6. For such other relief as this Court finds just and proper.

Dated this 23rd day of March, 2011.

                J.B. VAN HOLLEN
                Attorney General

                /s/ Maria S. Lazar
                MARIA S. LAZAR
                Assistant Attorney General
                State Bar #1017150

                Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-3519
(608) 267-2223 (fax)
*lazarms@doj.state.wi.us*

**Reinhart Boerner Van Deuren s.c.**

s/Patrick J. Hodan
Patrick J. Hodan
WI State Bar ID No. 1001233
*phodan@reinhartlaw.com*
Daniel Kelly
WI State Bar ID No. 1001941
*dkelly@reinhartlaw.com*
Colleen E. Fielkow
WI State Bar ID No. 1038437
*cfielkow@reinhartlaw.com*
Attorneys for Defendants

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097