# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, CINDY BARBERA, RON BOONE, VERA BOONE, EVANJELINA CLEERMAN, SHEILA COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD LANGE, and GLADYS MANZANET<br><br>       Plaintiffs,<br><br>TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND,<br>       Intervenor-Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>       Defendants,<br><br>F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,<br>       Intervenor-Defendants. | Case No. 11-CV-562<br>JPS-DPW-RMD |
| VOCES DE LA FRONTERA, INC., RAMIRO VARA, OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,<br><br>       Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br>       Defendants. | Case No. 11-CV-1011<br>JPS-DPW-RMD<br><br><br><br>ORDER |

April 11, 2012

Before WOOD, *Circuit Judge*, STADTMUELLER, *District Judge*, and DOW, *District Judge*

After a two-day trial in this case, we issued an opinion upholding Wisconsin's new congressional and legislative districts in all but one respect. We concluded that, as drawn in Act 43, Assembly Districts 8 and 9 violated Section 2 of the Voting Rights Act (VRA) and had to be redrawn. *Baldus v. Members of Wisconsin Government Accountability Bd.*, --- F. Supp. 2d ----, 2012 WL 983685, *17 (E.D. Wis. Mar. 22, 2012). On March 27, 2012, we instructed the parties to conduct at least one meet-and-confer conference to explore the possibility of reaching an agreed-upon configuration of Assembly Districts 8 and 9. In the event that the parties were unable to agree upon a joint recommendation, we directed them and any interested non-parties to submit suggested maps that they believed would correct the VRA Section 2 violation the court has found, while also complying with the United States Constitution, the Wisconsin Constitution, and associated case law.

The parties submitted a joint report on April 2 notifying the court that they were unable to offer a joint recommendation. We thereafter received one map jointly proposed by the Baldus and Voces de la Frontera plaintiffs and two maps proposed by the defendant Governmental Accountability Board (GAB). The Wisconsin Legislature chose not to make any submission. (As the GAB has repeatedly emphasized throughout this litigation, it is not the same entity as the Legislature and it does not represent the Legislature. We thus have nothing at this stage from the Legislature to guide us in resolving this final problem.) Dr. Kenneth Mayer, the plaintiffs' expert, and Dr. Peter Morrison, the defendants' expert, submitted declarations in support of the parties' respective maps. The City of Milwaukee filed a motion for leave to appear as amicus curiae, requesting that the court modify

Assembly District 9 to rectify two anomalies created by Act 43 that have resulted in one 5-person and one 1-person municipal ward in Assembly District 7. Jesus Rodriguez and the unincorporated group known as Hispanics for Leadership have also moved for leave to file comments as amicus curiae. Mr. Rodriguez and Hispanics for Leadership urged that Act 43's configuration of Assembly Districts 8 and 9—which we already found unconstitutional—gives Latinos the best opportunity to maximize their political representation over the next decade.

We first address the City of Milwaukee's motion. While we sympathize with the City's position and share its concern that the two wards will undermine voter anonymity and unduly burden City officials, we are constrained to deny the relief the City requests. Nothing in our March 22 decision adjudicated any claim establishing a right to the requested remedy, which falls beyond the scope of our March 22 and March 27 orders in any event. The issues raised by the City are more appropriately addressed in a separate action, if the GAB is unable to resolve the City's concerns.

We now turn to the heart of the matter. The plaintiffs' joint proposal would create a new Assembly District 8 with a Hispanic Citizen Voting Age Population (HCVAP) of 55.22% and a new Assembly District 9 with 34.78% HCVAP. In the course of formulating this map, the plaintiffs engaged in a bipartisan consultative process with individuals and groups in the Latino community. Their proposed map offers minimal population deviation (-0.43% in Assembly District 8 and -0.28% in Assembly District 9) and retains compactness (75.84% and 69.19% core population retention in Assembly Districts 8 and 9, respectively). The plaintiffs applied the 42% Hispanic non-citizenship rate to calculate HCVAP, in accordance with this court's March 22 opinion. *Baldus*, 2012 WL 983685 at *13.

The defendants have presented two maps. Because they continue to object to the need to take citizenship into account for the Latino community, they begin with overall voting age populations. Map 1 provides 62% Hispanic Voting Age Population (HVAP) for Assembly District 8 and 53.43% HVAP for Assembly District 9. They assert that this translates to 51.4% and 41.5% HCVAP for Assembly Districts 8 and 9, respectively. They have not, however, offered any evidence contradicting the unchallenged testimony that the Latino community faces low turnout rates. In light of that unrebutted fact, Map 1's alleged 51.4% HCVAP is plainly insufficient.[1] Map 2 does a little better, offering 55.0% and 38.6% HCVAP for Assembly District 8 and 9. At first blush, Map 2 seems very similar to the plaintiffs' joint proposal. It too offers low population deviation (-0.32% for Assembly District 8 and -0.40% for Assembly District 9), one ward split, and fairly high core retention for Assembly District 8 (70.08%). Upon closer inspection, however, a critical distinction becomes apparent. Instead of using the correct non-citizenship rate, the defendants use the out-dated one-year 2008 American Community Survey (ACS) 35.75% rate for the State of Wisconsin. As Dr. Mayer testified, the 42% rate represents five years of ACS data and is "universally considered to produce better estimates than the ACS's annual surveys" for the simple reason that it uses five times as much data. If the defendants had intended to challenge the reliability of the 42% rate, this was the time to do so. All they have offered, however, is Dr. Morrison's new declaration, and it is unpersuasive. Indeed, Dr. Morrison provides no justification to support his preference for the 35.75% rate. Further, as appears in Dr. Mayer's supplemental

---

[1] In fact, even if we were to consider HVAP rather than HCVAP, Map 1 would be a non-starter under existing Seventh Circuit precedent. See *Barnett v. City of Chicago*, 141 F.3d 699, 703 (7th Cir. 1998) (specifically noting that "because of both age and the percentage of noncitizens, Latinos must be 65 to 70 percent of the population in order to be confident of electing a Latino").

Page 4 of 6

Case 2:11-cv-00562-JPS-DPW-RMD   Filed 04/11/12   Page 4 of 6   Document 238

declaration, filed on April 10, 2012, recently-conducted aldermanic elections within the bounds of Assembly Districts 8 and 9 resulted in statistics more consistent with Dr. Mayer's views than with Dr. Morrison's. (Docket #237, Att. 1). While we appreciate the input provided by Mr. Rodriguez and Hispanics for Leadership, their comments do not provide assistance on this central issue.

We find once again that the 42% non-citizenship rate is more reliable. Applying this rate to the defendant's Map 2, the HCVAP for Assembly District 8 drops to an unacceptably low level of 51.8%. By contrast, the plaintiffs' joint proposal gives the Milwaukee Latino community an effective majority-minority Assembly District 8, while also balancing the traditional redistricting criteria of core retention, communities of interest, and minimal population deviation. As such, the Court will adopt the plaintiffs' joint proposal, substituting their submitted map of Assembly Districts 8 and 9 for the maps that appear in Act 43 as passed by the Legislature and which we have declared to be in violation of the Voting Rights Act.

Accordingly,

IT IS ORDERED that the maps appearing in the plaintiffs' joint proposal (Docket #224, at 12 (titled "Joint Plaintiffs Proposed Remedy")) be and the same are hereby ADOPTED and INCORPORATED herein by reference and SUBSTITUTED for the redistricting plans affecting Assembly Districts 8 and 9 that were adopted under Act 43 and which this Court has previously declared unlawful;

IT IS FURTHER ORDERED that the redistricting plans adopted pursuant to Act 43 for all Assembly Districts and Senate Districts, with the exception of Assembly Districts 8 and 9 to the extent noted above, shall remain unchanged;

IT IS FURTHER ORDERED that the City of Milwaukee's motion to appear as amicus curiae (Docket #219) be and the same is hereby GRANTED; however the City of Milwaukee's request for relief be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that Jesus Rodriguez and Hispanics for Leadership's motion to appear as amicus curiae (Docket #227) be and the same is hereby GRANTED.