# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, CINDY BARBERA, RON BOONE, VERA BOONE, EVANJELINA CLEERMAN, SHEILA COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD LANGE, and GLADYS MANZANET,<br><br>Plaintiffs,<br><br>TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND,<br>Intervenor-Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>Defendants,<br><br>F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,<br>Intervenor-Defendants. | Case No. 11-CV-562<br>JPS-DPW-RMD |
| VOCES DE LA FRONTERA, INC., RAMIRO VARA, OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,<br><br>Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>Defendants. | Case No. 11-CV-1011<br>JPS-DPW-RMD<br><br>**ORDER** |

October 5, 2012

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

On August 23, 2012, Plaintiffs filed a motion seeking remedial discovery, including the appointment of a forensic computer expert, arguing that the Wisconsin Legislature and its lawyers failed to turn over a number of relevant documents during pretrial discovery. (Docket #252). Thereafter, the Legislature's law firm, Michael Best & Friedrich LLP, responded to that motion, informing the Court that it had retained Schiff Hardin LLP, as outside counsel who in turn engaged a third party forensic expert to conduct an investigation to determine the extent of any non-disclosure, all without cost to Plaintiffs. (Docket #258). However, in their reply, Plaintiffs have renewed their request for the appointment of an independent investigator to conduct a separate investigation. (Docket #259).

With the benefit of the parties' submissions, the Court finds that the appointment of an independent investigator at this juncture would be premature. The Court certainly sympathizes with Plaintiffs' position—indeed, throughout the discovery process, the Legislature and its attorneys have been less than forthright, understandably making Plaintiffs wary of accepting yet another representation from them. Nonetheless, the presence of outside counsel suggests that the Legislature may have turned over a new leaf and are now committed to cooperation and full disclosure. Thus, the Court finds it prudent to await Schiff Hardin's report before addressing any further need for a court-appointed investigator.

After receiving that report, the Court will make a further assessment as to whether appointing an investigator would be in the interests of justice

and therefore beneficial to the outcome of this dispute. In the meantime, the Court will direct Plaintiffs to cooperate fully with Schiff Hardin in its ongoing inquiry to ensure that its report appropriately addresses Plaintiffs' expressed concerns.

Accordingly,

**IT IS ORDERED** that Plaintiffs and their representatives cooperate fully with Schiff Hardin and its representatives in the preparation of the investigative report; and

**IT IS FURTHER ORDERED** that, upon completion, Schiff Hardin shall disclose its report to counsel for the parties and at the same time file a copy with the court. In the meantime, pending receipt and consideration of the report, the Court will withhold taking any further action on Plaintiffs' pending motion for remedial discovery.