UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, CINDY BARBERA, RON BOONE, VERA BOONE, EVANJELINA CLEERMAN, SHEILA COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD LANGE, and GLADYS MANZANET<br><br>                Plaintiffs,<br><br>TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND,<br>                Intervenor-Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>                Defendants,<br><br>F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,<br>                Intervenor-Defendants. | Case No. 11-CV-562<br>JPS-DPW-RMD |
| VOCES DE LA FRONTERA, INC., RAMIRO VARA, OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,<br><br>                Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>                Defendants. | Case No. 11-CV-1011<br>JPS-DPW-RMD<br><br><br><br>ORDER |

January 17, 2013

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

Plaintiffs continue to find themselves engaged in an ongoing dispute with Michael Best & Friedrich LLP, which provided counsel for the Wisconsin Legislature during the redistricting process that formed the basis of the underlying lawsuit. (*See, e.g.*, Docket #252, #253, #258, #262, #263, #265, #266, #270, #271). Plaintiffs seek to determine the extent to which Michael Best and the Legislature failed to comply with pretrial discovery orders issued by the Court. (*See, e.g.*, Docket #252, #253, #265, #271).

Now, nearly one year after the Court held trial in this matter, this dispute has taken on a life of its own. Indeed, practically the same amount of time has passed between Plaintiffs' filing their Motion for Remedial Discovery (Docket #252), as passed between the Court's issuance of its Order on the merits of this case (Docket #218), and the filing of the Motion for Remedial Discovery—nearly five months, in both respects. In the time after Plaintiffs filed the Motion for Remedial Discovery, Michael Best, through outside counsel, Schiff Hardin LLP, has provided the Court with two reports on the status of Michael Best's internal investigation addressing the firm's failure to comply with the Court's discovery orders. (Docket #266, #271). In both instances, Plaintiffs have noted substantial objections to the internal investigation's procedures. (Docket #265, #271). Very little seems to have been resolved between the parties; rather, they seem to be tip-toeing around their differences, failing to take any action that would actually address their issues.

The tip-toeing must now come to an end. Thus, as the Court has done throughout the pendency of the case, it will provide counsel with a roadmap to ensure that this matter is brought to conclusion. The time has come for the Court, the lawyers in this matter, and—most importantly—Wisconsin's citizens to get to the bottom of the who, what, when, where, how, and why, and then to move on.

In keeping with that desire, the parties will be responsible for filing a final joint report addressing the full extent of Michael Best's and the Legislature's nondisclosure, and the reason(s) for such nondisclosure. The final joint report should also include any and all items addressed in the previous joint report filed by Plaintiffs and Michael Best on January 11, 2013 (Docket #271). Finally, the parties should ensure that the final joint report addresses the actions of any party they assert played a role in the nondisclosures—be it the Legislature, Michael Best, James Troupis, Reinhart Boerner Van Deuren S.C., or any of the myriad of other players who may have had a role in this matter. The Court will not resolve this dispute only to have a further dispute arise between Plaintiffs and some other party down the road. This final joint report must be submitted not later than Friday, March 15, 2013.

To the extent that the parties have ongoing disputes about the scope or methodology of Michael Best's internal investigation, the examination of the Legislature's computers, or any other matters that would affect the contents of the final joint report, they should submit expedited motions in full compliance with Eastern District of Wisconsin Local Rule 7(h) not later than Friday, February 15, 2013. The non-moving party will then have the opportunity to respond to any such motions, again in compliance with Local

Rule 7(h). The Court will decide those motions on an expedited basis, in order to permit timely gathering of information necessary to complete the final joint report. At the same time, the Court fully expects that Plaintiffs and Michael Best will work together in a cooperative manner so as to avoid further disputes and the necessity of filing any further discovery related motions.

After filing the final joint report, Plaintiffs will have until April 1, 2013, to either renew their Motion for Remedial Discovery (Docket #252) or to move for such further relief as may be appropriate in light of the final joint report.

Accordingly,

IT IS ORDERED that the parties file a final joint status report, addressing each of the items discussed by the Court above, not later than Friday, March 15, 2013;

IT IS FURTHER ORDERED that, to the extent there are any disputes regarding the investigation that will form the foundation of the final joint report, the parties shall file motions in compliance with Eastern District of Wisconsin Civil Local Rule 7(h) not later than Friday, February 15, 2013;

IT IS FURTHER ORDERED that, to the extent that any motions are filed, the nonmoving party shall file its response thereto in compliance with Eastern District of Wisconsin Civil Local Rule 7(h);

IT IS FURTHER ORDERED that, to the extent Plaintiffs deem it necessary, Plaintiffs shall either renew their Motion for Remedial Discovery (Docket #252) or move for other relief as may be appropriate not later than Monday, April 1, 2013.