UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVIN BALDUS, CINDY BARBERA, CARLENE
BECHEN, RONALD BIENDSEIL, RON BOONE, VERA
BOONE, ELVIRA BUMPUS, EVANJELINA
CLEEREMAN, SHEILA COCHRAN, LESLIE W.
DAVIS III, BRETT ECKSTEIN, MAXINE HOUGH,
CLARENCE JOHNSON, RICHARD KRESBACH,
RICHARD LANGE, GLADYS MANZANET,
ROCHELLE MOORE, AMY RISSEEUW, JUDY
ROBSON, GLORIA ROGERS, JEANNE SANCHEZ-
BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN,

        Plaintiffs,

TAMMY BALDWIN ET AL., GWENDOLYNNE
MOORE and RONALD KIND,

        Intervenor-Plaintiffs,

    v.

Members of the Wisconsin Government Accountability
Board, each only in his official capacity: MICHAEL
BRENNAN, DAVID DEININGER, GERALD NICHOL,
THOMAS CANE, THOMAS BARLAND, and TIMOTHY
VOCKE, and KEVIN KENNEDY, Director and General Counsel
for the Wisconsin Government Accountability Board,

        Defendants,

F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI,
PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,

        Intervenor-Defendants.

Civil Action
File No. 11-CV-562

Three-judge panel
28 U.S.C. § 2284

---

VOCES DE LA FRONTERA, INC., RAMIRO VARA,
OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,

        Plaintiffs,

    v.

Case No. 11-CV-1011
JPS-DPW-RMD

Members of the Wisconsin Government Accountability
Board, each only in his official capacity: MICHAEL
BRENNAN, DAVID DEININGER, GERALD NICHOL,
THOMAS CANE, THOMAS BARLAND, and TIMOTHY
VOCKE, and KEVIN KENNEDY, Director and General Counsel
for the Wisconsin Government Accountability Board,

                Defendants.

---

**OPPOSITION OF THE LEGISLATIVE TECHNOLOGY SERVICES BUREAU ("LTSB") TO PLAINTIFFS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION REGARDING THE SCOPE OF FORENSIC ANALYSIS**
_____

On February 1, 2013, Plaintiffs filed a motion requesting that three State-owned computers used by Messrs. Handrick, Foltz and Ottman during the redistricting process (the "Three Computers") be turned over to Plaintiffs' expert without establishing legal entitlement to inspect them and without proper protocols or protections in place. Dkt. #278, p. 4. Because the LTSB has a statutory obligation to protect "the confidential nature of the data and information originated, maintained and processed by electronic equipment supported by it," Wis. Stat. § 13.96, it filed a response to ensure that access by Plaintiffs was legally appropriate and that proper protocols and protections were in place in the event access was ordered by the Court. Dkts. #281 and #282. On February 15, 2013, Plaintiffs filed a motion seeking to broaden the scope of post-trial forensic analysis, which may – if Plaintiffs' February 1 motion is granted – impact the scope of the forensic analysis of the Three Computers. Dkt. #285.

As they failed to do with their February 1 motion, Plaintiffs have still not proven an entitlement to post-trial discovery. Plaintiffs must prove a likelihood that they will be entitled to post-judgment relief, i.e., a new trial with a different outcome, to be entitled to post-trial discovery. *United States ex rel. Free v. Peters*, 826 F. Supp. 1153, 1154 (N.D. Ill. 1993); *Goldy v. Beal,* 91 F.R.D. 451, 455 (M.D. Pa. 1981); *see also* Dkt. #281. Further, Courts "do not consider the granting of post-judgment discovery a proper vehicle for reviewing the integrity of pretrial discovery." *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir. 1976).

To date, the forensic analysis has identified approximately 40 emails not previously produced. Dkt. #282 at Exh. 1 at Depo. Exhs. 20-25. The vast majority of the documents relate to Plaintiffs' claim concerning Districts 8 and 9, the claim they prevailed on, or contain no substantive information whatsoever. Dkt. #282 at Exh. 1 at Depo. Exhs. 20-25. Plaintiffs have

produced no evidence indicating a likelihood that a new trial would produce a different result, and the newly discovered documents support no such likelihood. *See* Dkt. #281.

The pre-trial subpoenas of Messrs. Handrick, Foltz and Ottman identified five categories of documents, all of which sought documents relating to the "codification of Acts 43 or 44." Dkt. #282 at Exh. 1 at Depo. Exhs. 4, 10 and 11. Therefore, LTSB understands that their counsel, Michael Best, did not produce documents created after the passage of Acts 43 and 44 or documents relating to Act 39. Dkt. #282 at Exh. 1 at pp. 161-165. Plaintiffs assert their subpoenas should have been more broadly interpreted and have now requested a Court order allowing post-trial forensic examination of computers and other equipment to locate these additional allegedly responsive documents. Dkt. # 285 at p. 2. LTSB is strictly nonpartisan and takes no position as to whether Michael Best's or Plaintiffs' interpretation of the subpoenas before trial is legally accurate. However, LTSB has a statutory obligation to ensure that Plaintiffs are legally entitled to what they now seek, *i.e.*, post-judgment discovery arising out of a discovery dispute that should have been raised before judgment was entered.

With respect to the date limitation, Plaintiffs should have known at the time the documents were produced that the subpoenas had been interpreted as requesting documents prior to the codification of Acts 43 and 44 because a lack of e-mail or other documents containing dates after the codification of Acts 43 and 44 would have highlighted the issue. Plaintiffs deposed Messrs. Handrick, Foltz and Ottman on two separate dates separated by approximately six weeks over the course of many hours per witness. Second Declaration of Cynthia L. Buchko ("Buchko Decl."), Exh. 1 at p. 1-4 and p. 246, Exh. 2 at p. 249-52 and p. 380, Exh. 3 at pp. 1-4 and p. 251, Exh. 4 at pp. 254-57 and p. 453, Exh. 5 at pp. 1-6 at p. 253, and Exh. 6 at pp. 256-59 and p. 416. Plaintiffs should have explored the fact that there were no or few documents

2

produced with dates after the codification of Acts 43 and 44 during those many hours of depositions, but no such line of questioning occurred.  *See, e.g.,* Buchko Decl., Exh. 1 at pp. 19-27 and 243-46, Exh. 2 at pp. 254-57, Exh. 3 at pp. 19-23 and p. 150, Exh. 4 at pp. 259-62, Exh. 5 at pp. 15-19, 29-30, and Exh. 6 at pp. 261-66 and 362-66

With respect to Act 39, which was SB 150 prior to enactment, it was not listed in the subpoenas, but if Plaintiffs nonetheless believed their subpoenas included requests for documents relating to Act 39 or SB 150, they should have addressed the issue then with Michael Best and questioned Messrs. Handrick, Foltz and Ottman regarding the alleged failure to produce.  In the many hours of depositions of Messrs. Handrick, Foltz and Ottman, although Plaintiffs' counsel asked questions concerning Act 39 or SB 150, they did not ask why documents pertaining to them were not produced.  *See, e.g.,* Buchko Decl., Exh. 1 at pp. 164-66, Exh. 2 at pp. 318-19 and 338-39, Exh. 3 at pp. 215-18, Exh. 5 at pp. 188-195.

The date limitation and Act 39 issues should and could have been the subject of pre-trial discovery motions.  If Plaintiffs believed its subpoenas had been too narrowly construed by Michael Best, they were obligated to meet and confer with Michael Best and file a motion with the Court to resolve any dispute during pre-trial discovery.  "[P]ost-judgment discovery [is not] a proper vehicle for reviewing the integrity of pretrial discovery."  *H.K. Porter*, 536 F.2d at 1118.

Plaintiffs have requested a Court order authorizing expensive, time-consuming post-trial forensic discovery of state-owned computers.  If Plaintiffs have not shown entitlement to conduct post-judgment discovery on the Three Computers , or if they should have sought to compel more expansive document production before trial, LTSB has a legal duty to preserve the information and documents on the Three Computers, which is why it is raising the issues set forth herein with the Court.

3

Dated the 22nd day of February, 2013

        Respectfully submitted,

        WHYTE HIRSCHBOECK DUDEK S.C.


        */s/ Thomas M. Pyper*
        Thomas M. Pyper
        Cynthia L. Buchko
        Attorneys for the Legislative Technology Services Bureau

Address
P. O. Box 1379
Madison, WI 53701-1379
(608) 255-4440
(608) 258-7138 (fax)
tpyper@whdlaw.com
cbuchko@whdlaw.com
9285569.1