# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, CINDY BARBERA, RON BOONE, VERA BOONE, EVANJELINA CLEERMAN, SHEILA COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD LANGE, and GLADYS MANZANET,<br><br>                Plaintiffs,<br><br>TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND,<br>                Intervenor-Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>                Defendants,<br><br>F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,<br>                Intervenor-Defendants. | Case No. 11-CV-562<br>JPS-DPW-RMD |
| VOCES DE LA FRONTERA, INC., RAMIRO VARA, OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,<br><br>                Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>                Defendants. | Case No. 11-CV-1011<br>JPS-DPW-RMD<br><br><br><br>ORDER |

February 25, 2013

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

The Court entered an order on January 17, 2013, directing that Plaintiffs file expedited motions related to any remaining disputes in their ongoing investigation into the failure of the Wisconsin Legislature (the Legislature) and Michael Best & Friedrich LLP (Michael Best) to disclose certain documents during the discovery phase of this matter. (Docket #272). Plaintiffs complied and filed three separate motions, seeking various forms of relief related to the scope and procedure of their investigation. (Docket #278, #285, #286). These motions have been fully briefed. (Docket #289, #290, #291, #293). With the benefit of the parties' submissions (though the Court notes that the response briefs submitted were largely unhelpful and lacking in persuasive legal authority), the Court now renders its decision, granting each of Plaintiffs' motions in full.

1. FIRST MOTION: PRODUCTION AND FORENSIC EXAMINATION OF LTSB COMPUTERS

Plaintiffs' first motion seeks a Court order requiring that the Legislative Technology Services Bureau (LTSB) turn over to Plaintiffs for examination three computers used in the redistricting process. (*See* Docket #278, at 5). That same motion also requests that the Court allow Plaintiffs' proposed independent examiner, Mark Lanterman (Mr. Lanterman), to conduct a forensic examination of those three computers. (*See* Docket #278, at 5).

As to the first issue, the LTSB must make these three computers available in their entirety immediately to Mr. Lanterman for the purpose of

conducting a forensic examination. These computers were used in the redistricting process—indeed, it appears that these computers were the exact machines used by the Legislature and its counsel to create the redistricted maps. Accordingly, the computers are extremely likely to contain relevant and responsive materials that should have been disclosed during pretrial discovery. Moreover, Plaintiffs have established that substantial numbers of documents were not disclosed, which satisfies the Court that some form of "fraud, misrepresentation, or misconduct" likely occurred. Fed. R. Civ. P. 60(b)(3). As such, contrary to the LTSB's arguments against production of the computers (*see* Docket #281, at 1), Plaintiffs have made a *prima facie* showing of the applicability of Rule 60(b)(3), meaning that post-trial discovery is appropriate. *See, e.g.*, *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir. 1976); *United States ex rel. Free v. Peters*, 826 F. Supp. 1153, 1154 (N.D. Ill. 1993); *Halliburton Energy Servs., Inc. v. NL Industries*, 618 F. Supp. 2d 614, 654–55 (S.D. Tex. 2009).

Turning to the second issue, the Court determines that Plaintiffs' proposed independent examiner, Mark Lanterman, should perform the forensic examination of the LTSB computers. To begin, it is clear that Mr. Lanterman is well qualified to perform this forensic examination. (*See* Docket #254, Ex. I). He has also been at the periphery of this dispute since Plaintiffs named him as a potential forensic examiner in their August 23, 2012, motion for remedial discovery. (Docket #252). Thus, he is no doubt familiar with the developments of this case, and will be able to quickly perform a thorough forensic examination. Finally, the Court notes its growing concern with the scope of the examination being performed by Michael Best's independent examiner, Project Leadership Associates (PLA). Indeed, those examinations

Page 3 of 8

give every appearance of having been very limited, and have failed to turn up at least ten arguably responsive emails maintained by Plaintiffs as a control against which to test PLA's examinations. (Docket #271, Ex. 1, at 6). Given these expressed concerns with respect to matters associated with determining the extent of and reasons for nondisclosure, the Court finds it appropriate to ensure that a more thorough investigation be undertaken, such that all potentially responsive materials are discovered. Accordingly, the Court will allow Mr. Lanterman to perform a forensic examination of the LTSB computers at the direction of Plaintiffs.

Moreover, as the Court will discuss further below, it will also allow Mr. Lanterman to perform a full forensic examination, as directed by Plaintiffs, of all those material previously examined by PLA. This will ensure that the parties find the full plethora of potentially-responsive, otherwise-undisclosed documents, such that they—and ultimately the Court—can best determine the reasons for the initial nondisclosures.

2. SECOND MOTION: EXPANSION OF SCOPE OF ANALYSIS

Plaintiffs' second motion seeks an expansion of the scope of the forensic analysis that is being performed to locate materials that should have been disclosed during pretrial discovery. Specifically, Plaintiffs seek access to the following items: (1) documents post-dating the passage of Acts 43 and 44; (2) documents relating to the passage of Wisconsin Senate Bill 150 (SB 150); and (3) additional computer materials, such as registries, LNK files, and metadata. (Docket #285, at 1–3).

Plaintiffs should have access to all of the requested items. With reference to the materials relating to Acts 43 and 44 and SB 150, it is clear that

such items may have been responsive to Plaintiffs' discovery requests. Indeed, Plaintiffs' initial discovery request called for disclosure of

> documents concerning the objectives and/or motives relied on by state lawmakers, their staff and/or any consultants or experts in the planning, development, negotiation, drawing, revision, or redrawing of maps codified in Wisconsin Acts 43 and 44 or any other potential congressional or legislative plan that was not adopted.

(Docket #285, at 2; Poland Decl. ¶ 3, Ex. B). There is no temporal limit in that request, nor is there any logic to an argument that items post-dating the passage of Acts 43 and 44 would necessarily lack relevance. Rather, it is entirely logical to believe that emails and other materials circulated after the passage of Acts 43 and 44 could relate to the objectives or motives of the legislators and others involved in the passage of those Acts. Moreover, SB 150 enabled the expedited passage of Acts 43 and 44 and, therefore, was a part of the "planning, development, [and] negotiation" of the redistricting plan. Accordingly, documents relating to SB 150 and the objectives or motives of legislators and other involved individuals may very well have been responsive to Plaintiffs' discovery requests. Accordingly, the scope of the forensic examination must be appropriately adjusted to encompass materials post-dating passage of Acts 43 and 44 and relating to SB 150.

As to the registries, LNK files, and metadata, those items may also contain relevant information, and therefore the forensic examination should also include them. As the Court earlier noted, it expects to gauge the full extent of nondisclosure, and to determine the reasons for such nondisclosure. These registries, LNK files, and metadata may very well go a long way toward achieving that goal.

Having ordered the scope of the search expanded to cover all of these additional items, Mr. Lanterman should be given all necessary materials to conduct a forensic examination of the additional items.

3. THIRD MOTION: LEAVE TO REQUEST ADDITIONAL REVIEW

In their final motion, Plaintiffs seek a hold on any materials in the hands of James Troupis (Mr. Troupis) and the law firm of Reinhart Boerner Van Deuren s.c. (Reinhart), who were involved in the redistricting process and the attendant litigation. Plaintiffs also request that the Court allow them to move for examination of those materials, at a later date, in the event the forensic investigation does not provide adequate evidence of the full extent of or reasons for nondisclosure. (Docket # 286, at 4).

The Court finds this additional request to be both appropriate and necessary. There is significant reason to be concerned that the initial forensic review will not reveal the full extent of or reasons for nondisclosure. Accordingly, the Court wishes to ensure that it leaves open all possible avenues for reaching a conclusion as to those matters. Therefore, both Reinhart and Mr. Troupis will be directed to maintain any items that remain in their control relating to the redistricting process and its attendant litigation. This applies to any such files as the current scope of forensic examination covers, including such items as registries, LNK files, and metadata. The Court sincerely hopes that it will not be necessary to order forensic examination of those materials; but, it realizes that examination may ultimately be required. Accordingly, those materials should be maintained, and Plaintiffs should have the opportunity to request review of them, should it become necessary.

4. CONCLUSION

For the foregoing reasons, the Court grants each of Plaintiffs' expedited motions. (Docket #278, #285, #286).

Furthermore, given the Court's expressed concerns regarding the extent of PLA's forensic investigation, it will also allow Plaintiffs' proposed independent examiner, Mark Lanterman, to conduct his own forensic examination of all materials previously examined, as well as the additional materials addressed in this order. Mr. Lanterman's examination will be under Plaintiffs' direction, according to terms they deem appropriate. The Court is cognizant of the fact that this may result in the disclosure of more documents than Michael Best believes should have been made available in pretrial discovery. But, given the state of this investigation, the Court would much prefer to locate as many potentially-responsive documents as possible, to ensure that there will be full disclosure. However, to the extent the parties disagree over the responsiveness of some documents, they may file those documents under seal with the Court for a determination of responsiveness. As the Court has cautioned throughout this process, the parties should make every effort to reach an agreement as to responsiveness before approaching the Court to resolve any disagreement.

Finally, the Court notes that the cutoff dates provided in its previous order (Docket #272) remain in effect.

Accordingly,

IT IS ORDERED that Plaintiffs' motion for forensic analysis of the LTSB computers (Docket #278) be and the same is hereby GRANTED, and the LTSB shall produce the computers in their possession for forensic examination by Mark Lanterman;

IT IS FURTHER ORDERED that Plaintiffs' motion to expand the scope of the forensic examination (Docket #285) be and the same is hereby GRANTED, and Mark Lanterman may conduct a forensic review of: (1) materials post-dating the passage of Acts 43 and 44; (2) materials relating to SB 150; and (3) registries, LNK files, and metadata;

IT IS FURTHER ORDERED that Plaintiffs' motion for leave to request additional forensic review (Docket #286) be and the same is hereby GRANTED, and Reinhart Boerner Van Deuren s.c. and James Troupis shall maintain any files relating to the redistricting process and attendant litigation, such that Plaintiffs may move for forensic examination of those materials, if necessary; and

IT IS FURTHER ORDERED that, at the direction of Plaintiffs, Mark Lanterman shall conduct a further forensic review of all materials previously examined by Project Leadership Associates.