UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALVIN BALDUS, CARLENE BECHEN, ELVIRA BUMPUS, RONALD BIENDSEIL, LESLIE W DAVIS, III, BRETT ECKSTEIN, GLORIA ROGERS, RICHARD KRESBACH, ROCHELLE MOORE, AMY RISSEEUW, JUDY ROBSON, JEANNE SANCHEZ-BELL, CECELIA SCHLIEPP, TRAVIS THYSSEN, CINDY BARBERA, RON BOONE, VERA BOONE, EVANJELINA CLEERMAN, SHEILA COCHRAN, MAXINE HOUGH, CLARENCE JOHNSON, RICHARD LANGE, and GLADYS MANZANET<br><br>                    Plaintiffs,<br><br>TAMMY BALDWIN, GWENDOLYNNE MOORE and RONALD KIND,<br>                    Intervenor-Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>                    Defendants,<br><br>F. JAMES SENSENBRENNER, JR., THOMAS E. PETRI, PAUL D. RYAN, JR., REID J. RIBBLE, and SEAN P. DUFFY,<br>                    Intervenor-Defendants. | Case No. 11-CV-562<br>JPS-DPW-RMD |
| VOCES DE LA FRONTERA, INC., RAMIRO VARA, OLGA VARA, JOSE PEREZ, and ERICA RAMIREZ,<br><br>                    Plaintiffs,<br>v.<br><br>Members of the Wisconsin Government Accountability Board, each only in his official capacity: MICHAEL BRENNAN, DAVID DEININGER, GERALD NICHOL, THOMAS CANE, THOMAS BARLAND, and TIMOTHY VOCKE, and KEVIN KENNEDY, Director and General Counsel for the Wisconsin Government Accountability Board,<br><br>                    Defendants. | Case No. 11-CV-1011<br>JPS-DPW-RMD<br><br><br>ORDER |

April 30, 2013

Before WOOD, *Circuit Judge*, DOW, *District Judge*, and STADTMUELLER, *District Judge*

This Court previously ordered that the plaintiffs be allowed to conduct a thorough forensic examination of a number of computers used in the redistricting process in order to determine whether relevant materials, otherwise subject to pretrial discovery, had in fact been deleted from those computers. (Docket #300). On April 18, 2013, the plaintiffs filed a motion requesting that the Court require that some other entity or entities—be it the Legislature; the Legislature's prior counsel, Michael Best & Friedrich LLP ("Michael Best"); the defendants; or another—be required to pay the costs associated with the ongoing investigation. (Docket #301). To this point, the investigation appears to confirm that many files were indeed deleted from the computers, but has not yet conclusively turned up any evidence of bad faith or established that relevant and important documents were improperly withheld. (Docket #301, at 2–3). The investigation has been expensive, and is likely to require substantial amounts of additional resources. (Docket #301, at 3–4). Thus, the plaintiffs have requested that the Court shift the burden to some other party to pay those expenses on an interim basis. (Docket #301, at 4). The Court has received responses from the Legislature and from Michael Best, both of which object to the shifting of costs. (Docket #304, #306). Having considered each of these submissions, the Court is obliged to deny the plaintiffs' motion.

Imposition of interim fees on any adverse party would be inappropriate. While the Court is fully aware of and concerned with the seemingly vast amount of file deletions that the plaintiffs' investigation has

uncovered, there has not yet been any showing that the files were either deleted in bad faith or would otherwise have been pertinent to the fact finding process in the underlying action. Thus, the Court is wary of requiring any other party to foot the plaintiffs' bill. To be sure, in the ordinary course of litigation—which, admittedly, this is not—each party would bear its own costs associated with its investigation and necessary experts and, as part of evaluating its case, make a value judgment as to whether the potential outcome justifies the costs associated with its investigation. Similarly, here, the plaintiffs face the difficult choice of whether to accept what has been uncovered thus far and file any final report and motions in reliance thereon or to pay the additional costs required to continue their investigation in hopes that some additional information is uncovered.

At the same time, it should be noted that the Court is not foreclosing any future monetary award to the plaintiffs. Rather, at this juncture, the Court is simply denying the plaintiffs' motion to be granted *interim* costs. After the parties have submitted their final report on the investigation together with any additional motions—which remain due on May 10, 2013, and May 24, 2013, respectively (Docket #300)—the Court will issue such further orders as deemed appropriate.

Accordingly,

IT IS ORDERED that the plaintiffs' motion requesting an award of interim payment of costs (Docket #301) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that, given the plaintiffs' consent (Docket #312), the Legislature's motion for leave to file excess pages (Docket #305) be and the same is hereby GRANTED.